ZOLLARS and another *v.* EVANS.

*(Circuit Court, D. Colorado. October,1880.)*

1. MINING CLAIM—REQUISITES OF TITLE.—"On the public domain of the United States a miner may hold the place in which he may be working against all others having no better right. But when he asserts title to a full claim of 1,500 feet in length, and 300 feet in width, he must prove a lode extending throughout the claim."

2. SAME—SAME.—The sinking of a shaft outside of the ground in dispute, and running drifts from thence to the ground in dispute, will not avail the plaintiff in ejectment, unless he can further show the discovery of a lode in such shaft, and the extension of the lode to the ground in dispute.—[ED.

*D. P. Dyer* and *C. I. Thompson,* for plaintiffs.

*.S. P. Rose* and *Wells, Smith & Macon,* for defendant.

HALLETT, D. J., *(charging jury.)* The ground in controversy is claimed by plaintiffs as part of the Highland Mary location. You have observed that it is but a small part of that location, lying at some distance from the discovery shaft, probably 600 or 700 feet. It is the land embraced within the lines of plaintiffs' and defendant's claims, or the space covered by both claims.

It is stated by counsel, and perhaps it appears in evidence, that plaintiffs have another title to the same ground, based on the Highland Chief location, but they have not set up that title in their pleadings, and they cannot rely on it in this action. The only right in them which can be recognized here is that which may arise from the Highland Mary location, and the investigation before you has been confined to that subject. It is not necessary to discuss at length the validity of the Highland Mary location. It is enough to say that the plaintiffs have not shown any right or title to the premises in controversy, of date earlier than July 30, 1879; and their right at that time is to be determined upon several facts now to be stated.

In the first place, did the plaintiff corporation, the Highland Chief Consolidated Mining Company, on that day or afterwards, and before the twenty-third day of September,

1879, take possession of the Highland Mary claim under the deed from Jed. H. Bascom and others, and hold possession thereof at the last-named date?

The twenty-third day of September, 1879, is the time the suit was brought, and, in the attitude of the case on the evidence, the plaintiffs cannot recover, except upon actual possession at that time. There is nothing to show that John W. Zollars, who assumes the position of trustee to the corporation, was ever in actual possession of the property. The company appears to have been organized on the thirtieth day of July, 1879, and, of course, not being in existence, it could not enter into possession before that day; so, that as to possession, the question is whether after the thirtieth of July, and at any time before the twenty-third of September, 1879, and at the last-mentioned date, the corporation was in possession.

If you find that to be true, a further question will arise as to whether a lode was discovered in the Highland Mary discovery shaft, and such lode extends from that discovery shaft to the grounds in controversy. On the public domain of the United States a miner may hold the place in which he may be working against all others having no better right. But when he asserts title to a full claim of 1,500 feet in length and 300 feet in width, he must prove a lode extending throughout the claim. I do not recall any evidence to show that any of the openings in the ground in controversy were made prior to September 23, 1879.

The Highland Chief people had sunk a shaft just outside of the ground in dispute, and in May of this year drifts had been run from that shaft into the ground in dispute. But I do not remember that any witness stated when those drifts were run, or when the tunnel which penetrates this territory was made. And if, in fact, those openings, or any of them, were made before the suit was brought, and the plaintiff corporation was then in possession of them, that fact alone would not enable the plaintiffs to recover *the whole* of the disputed territory.

Such possession of those openings only, without the dis-

covery of a lode in the discovery shaft, which extends from thence to the ground in dispute, would not be available beyond the extent of the openings. And the plaintiffs have not asked for less than the whole territory in dispute, so that you are advised that, in addition to possession in the plaintiff corporation on September 23, 1879, it must appear from the evidence that a lode was discovered in the discovery shaft of the Highland Mary claim, and that such lode extends from that point to the territory in controversy.

On these points no remarks from the court are needed; but I call your attention to one matter having some bearing upon the question whether the lode, assuming that there is one in the Highland Mary discovery shaft, extends from that point to the ground in dispute. There is some question whether the mineral found in the Highland Chief openings is of the same body as that found in the Highland Mary discovery shaft, and one witness, if I am not mistaken, expressed the opinion that they were not the same. The difference in elevation of the two shafts and the points at which mineral was found, in connection with the topography of the country, seem to raise a doubt on that subject. If you are of the opinion, from the evidence, that there are two bodies of mineral, separate and distinct from each other, one in the Highland Chief shaft and the territory in dispute very near to that shaft, and another in the Highland Mary shaft, it will be a question of fact on the evidence whether the latter extends under the first into the territory in dispute.

It is incumbent on the plaintiffs to establish these facts by preponderating testimony; and, in the absence of such testimony, you should find for defendant. If, however, those facts are established, the plaintiff may prevail, unless defendant has shown a better title to the ground in dispute. And your attention will now be asked to the facts necessary to establish such better title.

Much that has been said with reference to the Highland Mary location is equally applicable to defendant's location, which he calls the Eliza; that is to say, a lode must have been

found in the discovery shaft, and the lode must extend from that point to the ground in dispute. Perhaps there is some doubt here, also, whether any body of mineral or mineralized rock that may be called a lode was found in the discovery shaft, and, if so found, whether the same body was exposed in the territory in dispute. Those questions are submitted to your decision on the evidence, and assuming that the plaintiffs have established their right, as before explained to you, if you further find that defendant's grantors discovered a lode in the Eliza discovery shaft, and that such lode extends from thence into the ground in dispute, the defendant will prevail; because, as was before explained to you, plaintiffs' right cannot be of earlier date than July 30, 1879, and defendant, if his grantors made a valid discovery and location, dates back to 1878, long prior to the date of plaintiffs' title by possession. It is true that there is some controversy upon the question whether, at the time of the survey of the Eliza lode, in July, 1878, the locators had sunk their shaft to the point where they claim to have found the lode; but, if they had not done so, they did in fact sink it to the point mentioned by September following; and if they then found a lode they could have advantage of it, as against all who had not then acquired an interest in the lode, in the same manner as if they had uncovered it before making their survey and filing their certificate. And if their location was completed by or before September, 1878, it antedates plaintiffs' title by possession in the same manner as it would if it had been completed in July of that year. In that view, the question as to defendant's title still remains whether a lode was discovered in the discovery shaft, and whether such lode extends from that point to the ground in controversy.

If the plaintiffs have established their title, as first explained to you, and the defendant has not established his title, your verdict should be for plaintiffs. If the plaintiffs have failed to establish their title, or the defendant has established his title, your verdict should be for defendant.

Verdict for defendant.