## GREAT NORTHERN RY. CO. et al. v. McPHEE et al.

(Circuit Court of Appeals, Ninth Circuit. June 18, 1923. Rehearing Denied August 6, 1923.)

No. 3952.

1. **Public lands** ⊂106(1)—**Findings of fact, within province of Land Department, not reviewed.**

Courts have no power to review findings of fact by Land Department, which were within its province and duty to make.

2. **Public lands** ⊂106(1)—**Departmental decision as to ownership of improvements conclusive, unless unsupported by evidence or result of error of law.**

Decision of the Land Department that one of two contesting plaintiffs is owner of improvements on land is conclusive, unless made without evidence to support it, or otherwise the result of error of law.

3. **Public lands** ⊂106(1)—**Decision of Land Department on claim of plaintiff's predecessor to different land held not conclusive.**

Where one settling on unsurveyed public land transferred his claim to O., who made improvements and transferred it to T., who transferred it to plaintiff's predecessor in title, and abandoned the land, and took up adjoining land, and T. and plaintiff both made applications to enter land, and appropriate investigation would have shown residence and occupation and location of O.'s improvements on land other than that included in T.'s claim, the Land Department's decision on T.'s claim *held* not decisive against plaintiff's rights.

---

⊂For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Public lands ⊜⇒35(3)—Residence on one tract will not support homestead claim to different tract.**

Residence on one tract will not support a homestead claim to another and distinct tract.

**5. Public lands ⊜⇒81(1)—Settlement on land as homestead reserved it from selection as lieu land by railroad company.**

Settlement on unsurveyed land by one claiming it as his homestead *held* to reserve it from selection as lieu land by railroad company, under Act Aug. 5, 1892.

Appeal from District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Suit by Albert R. McPhee and another against the Great Northern Railway Company and another. From a decree for plaintiffs, defendants appeal. Affirmed.

See, also, 277 Fed. 502.

The appellees sought by their suit in the court below to obtain a decree adjudging that the appellant the Great Northern Railway Company obtained title by patent to 120 acres of certain described land as trustee for the appellees. The bill alleged a settlement upon the land in 1901 by a qualified settler, who claimed the same with the intention to acquire a homestead, the land at that time being unsurveyed, and it set forth the transfer of the rights of the first settler by mesne conveyances to the appellees, who entered upon the land with the intention of acquiring title under the homestead laws, they being qualified to enter the same under the public land laws; that on May 19, 1902, the railway company filed in the office of the United States Land Office at Seattle a list in which it selected said land as lieu land under the Act of Congress approved August 5, 1892 (27 Stat. 390); that on February 6, 1907, the survey of said land was filed; that when the selection was made the appellants knew of the rights and claims to the same of the appellees' grantors, and knew that the land was then claimed and was settled upon, and that homestead rights had been initiated and were being actually asserted therein; that on September 27, 1909, the appellee Albert R. McPhee made application to file his homestead entry for said land and tendered the money to the proper officers, and that his application was rejected because it was in conflict with the said lieu land selection list; that from that decision the appellees appealed without avail to the Commissioner of the General Land Office, and thereafter to the Secretary of the Interior; that the proofs established their right to the land; that the lieu selection list was a fraud upon the appellees' grantors, and that the appellants became trustees for the appellees; that they obtained their patent by misleading the officers of the Land Department, and that the Land Department committed error of law in denying the lands to the appellees and in awarding the same to the appellants.

On the proofs taken upon the issues the court below found the allegations of the bill to be true and reached the conclusion that, upon the settlement on the land in 1902 by one of the appellees' grantors, a claim was initiated which reserved the land from the operation of the lieu land selection, and that from and after said settlement there was continuity of interest in the improvements and occupation of the occupants, and that the rejection of the application of the homestead claimant, Beebe, one of the appellees' grantors, was not res adjudicata as to the United States, and that the appellee McPhee was competent and qualified to assert any right which might be claimed by the United States. The court entered a decree adjudging the appellees to be owners of the land, and the appellants to hold the legal title thereto in trust for them, and vesting the title in the appellees free of any and all claims of the appellants.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Thomas Balmer, of Seattle, Wash., and Clinton W. Howard, of Bellingham, Wash., for appellants.

S. M. Bruce, of Bellingham, Wash., for appellees.

Before GILBERT and RUDKIN, Circuit Judges, and DIE-TRICH, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). The appellants contend that the decision of the Land Department, rejecting the claim of the appellee McPhee as a homestead settler, was based upon a disputed question of fact, and was therefore not subject to review and reversal by the court below. They point to the language of the ruling of the Land Department, in which it was said, "From the above facts it is apparent that McPhee's claim is based upon the proposition that the land applied for by him was excepted from the railway's selection by virtue of O'Donnell's settlement," and the conclusion which followed, that "McPhee failed to show any privity with O'Donnell, or exactly what land O'Donnell claimed under his settlement," and they contend the court below recognized that the rejection of McPhee's claim was based upon a finding of fact, in that the court used the following language:

"The legal conclusion of the Commissioner as to the fact of residence and the boundaries of the O'Donnell claim, so far as settlement and residence is concerned, is erroneous."

[1, 2] It is true that courts have no power to review findings of fact by the Land Department which were within its province and duty to make. Daniels v. Wagner, 237 U. S. 547, 35 Sup. Ct. 740, 59 L. Ed. 1102, L. R. A. 1916A, 1116, Ann. Cas. 1917A, 40. And a decision of the Land Department that one of two contesting claimants is the owner of the improvements on the land is conclusive, unless made without evidence to support it, or is otherwise the result of an error of law. Harnage v. Martin, 242 U. S. 386, 37 Sup. Ct. 148, 61 L. Ed. 382. We do not, however, regard the ruling of the court below as disturbing any finding of fact made on the contest in the land office between the appellants and appellees. McPhee's application was rejected, on the theory that he was bound by the testimony adduced on Thurston's application for the allowance of his homestead claim and upon the fact that McPhee "did not protest Thurston's claim for allowance."

[3] The decision of the Land Department in ruling against the appellees resulted from the attitude of the department toward the Thurston homestead claim, Thurston having obtained a patent to 120 acres east of and contiguous to the claim of the appellees. Cole, the first settler, transferred his claim to O'Donnell, who transferred to Thurston, and Thurston transferred to Beebe, and Beebe was the predecessor in interest of the appellees. Both Thurston and McPhee claimed through O'Donnell. Thurston's application to enter his land was filed February 6, 1906; the appellees' claim was filed September 27, 1909. In the meantime Beebe had filed and relinquished a claim as homestead settler, but Beebe failed to show his right as coming from Thurston, and Thurston failed to inform the Depart-

ment that he had transferred to Beebe. For several years prior to September 28, 1912, the Land Department had the Thurston and McPhee claims pending before it. The claim of McPhee of priority over Thurston was not disputed, but the Land Office ruled against McPhee on the ground that he did not protest Thurston's claim. There was no dispute that the land claimed by McPhee was the land entered by O'Donnell, and that the land occupied by the latter was the identical land which Thurston transferred to Beebe, and the latter to McPhee.

The legal question arises whether the McPhee claim should be defeated for the reason that Thurston asserted rights to which he had no real claim at the time when he submitted his proof. It seems clear as a matter of law that the evidence given by Thurston is not conclusive against the rights of the appellee. Thurston's claim was not in fact in conflict with the claim of McPhee, and the decision of the Land Department was not decisive of the rights of the latter. Uinta Tunnel Co. v. Creede, etc., Co., 119 Fed. 164, 57 C. C. A. 200; Mining Co. v. Tunnel Co., 196 U. S. 337, 25 Sup. Ct. 266, 49 L. Ed. 501. The appellees could have been bound by the testimony on the Thurston application only upon the assumption that the notice by Thurston of his intention to make final proof was in the nature of a proceeding in rem, which bound all parties. There was nothing in Thurston's notice to convey information to McPhee that he sought to appropriate to himself the property which McPhee was claiming and upon which he was residing, his place of residence being the house which had been occupied by O'Donnell, his predecessor in interest.

Appropriate investigation by the Land Department would have shown such residence and occupation, and the location of the O'Donnell improvements on land other than that which was included in the Thurston claim. We need not pause to inquire whether the appellants here may have a remedy in equity to recover the land which was patented to Thurston. It is sufficient for the disposition of this case that O'Donnell initiated a homestead right which existed at the time when the lieu land selection was made by the railway company, and that the appellees succeeded to O'Donnell's rights. Thurston was not seeking to acquire the land upon which O'Donnell's improvements were made. Referring to those improvements, he testified that he dropped that 40 acres and took up another 40 acres "where my house stands."

[4, 5] Residence on one tract will not support a homestead claim to another and distinct tract. Great Northern Railway Co. v. Hower, 236 U. S. 702, 35 Sup. Ct. 465, 59 L. Ed. 798. We think there can be no doubt that the court below properly ruled that by O'Donnell's settlement in 1902 the land which he claimed as his homestead was reserved from selection as lieu land by the railway company. Kansas Pac. Ry. v. Dunmeyer, 113 U. S. 629, 5 Sup. Ct. 566, 28 L. Ed. 1122; Hastings, etc., R. R. Co. v. Whitney, 132 U. S. 357, 10 Sup. Ct. 112, 33 L. Ed. 363. And that the continuity of interest in the improvements and settlement evidenced by transfers from

O'Donnell through mesne conveyances to McPhee, the appellees have established a right to the land, and that the rejection of Beebe's application was not res adjudicata as to the United States, and hence not conclusive of the appellees' rights.

The decree is affirmed.