SMITH v. JACKSON.

EVIDENCE—CROSS-EXAMINATION—MEMORANDUM OF ACCOUNT.
    A defendant cannot complain because a memorandum of ac-
    count, used by him to refresh his memory upon a defense of
    set-off and recoupment, was received in evidence after he
    had been cross-examined upon it.

Error to Grand Traverse; Corbett, J.   Submitted June
15, 1897.   Decided June 28, 1897.

*Assumpsit* by Andrew Smith against John A. Jackson
to recover a balance due upon a fishing contract.   From
a judgment for plaintiff, defendant brings error.   Af-
firmed.

*Tweddle & Cross*, for appellant.

*George W. Curtis*, for appellee.

HOOKER, J.   The plaintiff recovered a judgment of
$95 on appeal from justice's court, and the defendant has
brought it here for review upon the proceedings had
before the circuit court, where the case was tried without
a jury.   A bill of exceptions was settled, and questions
are raised upon the introduction and exclusion of testi-
mony and upon the findings.   The action was brought to
recover upon a contract by which the plaintiff engaged in
fishing in Grand Traverse Bay with nets furnished, re-
spectively, by the defendant and himself.   The fish were
sent to the defendant, and payments were made thereon,
and goods were furnished by the defendant to the plaintiff.
The defense consisted of set-off and recoupment.

The defendant testified in relation to his account, re-
freshing his memory by a "small memorandum," upon
which he was cross-examined.   At the conclusion of this
cross-examination, the plaintiff's counsel was allowed to

introduce this paper. It is contended that this paper was not the best evidence of the account, and that the books should have been introduced. This question hardly merits discussion, as the defendant produced and used the paper for his own purposes. The right to cross-examination included a right to see it and have the jury see it. Other questions relating to the introduction of evidence are unimportant. We find none showing error.

The bill shows that exceptions were taken to the findings of fact, though it fails to show when they were taken, or that there were specific exceptions to the several findings. Counsel have argued in their brief that the undisputed evidence shows several of these findings to be unsupported by testimony. We have examined all of these questions that are discussed, and are of the opinion that there was evidence supporting each finding; and, under well-established rules, we cannot review the judge's conclusion.

It is said that the court erred in not allowing the defendant the value of the hammer belonging to a pile driver, worth five or six dollars, which was not returned. The court found that it was lost during a storm, without the plaintiff's fault. If, as the defendant's counsel contend, this was furnished under the contract, the court did not err in his conclusion.

The judgment is affirmed.

The other Justices concurred.