## BROCKBANK v. ALBION MINING CO.

### No. 1643 (81 Pac. 863).

1. MINES AND MINING—LOCATION OF CLAIMS.—Where a mining claim is a relocation of an older claim, the corners of which are yet substantially in place, and covers the same ground, a location made by posting a notice describing the claim by courses and distances from the discovery monument, made when the ground is covered with deep snow, so that it is impracticable to fully mark the boundaries thereof, is sufficient to entitle the locator to perfect it within a reasonable time or before other parties have acquired rights in the ground, although the boundaries are not sufficiently marked on the day the notice is posted; and such a location is completed and validated by repairing the old monuments and boundaries prior to the intervention of adverse rights by others.

2. SAME—RELOCATION—ADOPTION OF ANCIENT MONUMENTS.—Where a mining claim is a relocation of a previous claim, the locator may refer to the boundary monuments of the previous location in his notice, and may adopt such monuments by repairing or constructing them where they correspond with the calls in the notice.

3. SAME—FAILURE TO MARK BOUNDARIES—ACCRUAL OF INTERVENING RIGHTS.—A locator who has filed his notice, but fails to mark his boundaries on the ground, assumes the risk of the accrual of intervening rights of third parties.[1]

(Decided July 11, 1905.)

APPEAL from District Court, Salt Lake County; W. C. Hall, Judge.

Action by Joseph P. Brockbank against the Albion Mining Company. From a judgment for defendant, plaintiff appeals.

REVERSED.

*Higgins & Senior* for appellant.

*A. Howat* for respondent.

BARTCH, C. J.

This is an action to determine the adverse claim of the parties to the right of possession of certain mining ground situate in Little Cottonwood Mining District, Salt Lake county, Utah. The plaintiff claims to be the owner and entitled to the possession of the Homestake No. 1 mining claim, which was located January 1, 1900. The defendant claims to be the owner and entitled to the possession of the Omega mining claim, located October 22, 1902, the Alice and Alice No. 1, both located January 2, 1903, and the Albion No. 8, located June 30, 1903. The area included within the boundaries of the four claims of the defendant includes all of the ground embraced within the boundary lines of the Homestake No. 1, and upon the defendant, on March 10, 1904, filing an application for a patent for its claims in the United States land office of this district, the plaintiff, within the time required by law, filed the adverse claim upon which this suit has been based. At the trial the court found and decided that the ground in dispute, subject to the paramount

---

[1] Warnock v. De Witt, 11 Utah 324, 40 Pac. 205.

title of the United States, belonged to the defendant, and dismissed the plaintiff's complaint.

The appellant, among other things, contends that the court erred in finding that neither at the time of making the location nor at any other time since were the boundaries of the Homestake No. 1 marked by posts or monuments so as to indicate the boundaries of the claim. We think this point is well taken. Such a finding does not appear to be warranted by the evidence. While the boundaries were not fully marked on the day the location notice was posted, because, the snow then being from ten to fifteen feet deep, it was impracticable to do so, still, the notice having contained a full description of the claim by courses and distances from the discovery monument, where it was posted, and the claim being a relocation of one covering the same ground, the corners of which were yet substantially in place, the location was at least sufficient to entitle the locator to perfect it within a reasonable time, or before other parties had acquired rights in the ground. When afterwards, before any rights of the defendant or adverse rights intervened, the plaintiff had the old monuments repaired, and the boundaries marked with a post 3 inches thick and about 4 feet high, set in a stone monument at each corner, the location became complete, and subsequent locators were bound to take notice of the plaintiff's rights. Corner monuments having formerly been placed on the ground, and their locations corresponding with the calls in the notice the locator, under the circumstances, had a right to adopt those monuments by repairing or reconstructing them, as was necessary, and the notice of location could properly be made to refer to the boundary monuments or stakes of the previous location. (1 Lindley on Mines, sec. 408; *Conway v. Hart,* 129 Cal. 480. 62 Pac. 44.) And where a discovery of mineral has been made, and a proper location notice filed, then, if the boundaries are marked on the ground, before intervening rights have accrued, the claim will be valid. The locator, however, delays at his peril, since thereby he assumes the risk of intervening rights of third

parties. ( 1 Lindley on Mines, sections 330, 339 ; 1 Snyder, on Mines, section 393; *Erwin v. Perego,* 93 Fed. 608, 35 C. C. A. 482; *Jupiter Min. Co. v. Bodie Con. Min. Co.,* [C. C. ]. 11 Fed. 666; *C. P. Gold-Min. Co. v. Crismon* [Or.], 65 Pac. 87; *North Noonday Min. Co. v. Orient Min. Co.* [C. C.], 6 Sawy. 299, 1 Fed. 522; *McGinnis v. Egbert,* 8 Colo. 41, 5 Pac. 652; *Warnock v. De Witt,* 11 Utah 324, 40 Pac. 205.) We are of the opinion that at the time the mining claims of the defendant were located the Homestake No. 1 claim was sufficiently marked on the ground, and was then a valid claim, and that the court erred in its findings to the contrary.

We are of the opinion that under the evidence as it now appears in the record the court also erred in finding that the annual assessment work was not performed on the Homestake No. 1 claim for the years 1901 and 1902, but, as the case must be reversed and remanded for a new trial, we do not deem it advisable to discuss any question relating to the findings on the subject of assessment work, since other and different evidence may be introduced at the next trial.

The judgment is reversed, and the cause remanded, with directions to the court below to grant a new trial; the costs to abide the final result.

McCARTY and STRAUP, JJ., concur.