[No. 7621. Decided February 23, 1909.]

PROTECTIVE MINING COMPANY, *Respondent*, v. FOREST CITY MINING COMPANY, *Appellant*.[1]

MINES AND MINERALS—MINING CLAIMS—ACTIONS—QUIETING TITLE— PLEADING — COMPLAINT — ALLEGING DISCOVERY OR RELOCATION. A complaint in an action to quiet title to a mining location alleging ownership, possession and adverse claim by defendants is not demurrable because it fails to allege an actual discovery of mineral or a relocation of abandoned ground, such matters being evidentiary.

SAME—LOCATION—BOUNDARIES—FAILURE TO ERECT MONUMENTS. The locator of a mining claim who fails to erect monuments or define the boundaries, assumes the risk of intervening rights of third parties.

SAME—NOTICE—ABANDONED GROUND—POSSESSION—COLOR OF TITLE. A location notice on abandoned ground, coupled with possession and peaceful entry, is sufficient color of title as against a prior locator, although the notice fails to show that it was a relocation, where the defendants had never made any proper location; since one having no legal rights cannot question the right of one in peaceable possession.

SAME—DISCOVERY—POSSESSORY RIGHTS. A discovery, after location of a mining claim and the posting of notices, is sufficient, in the absence of intervening rights, to complete possessory rights under the location.

SAME—FORFEITURE—ASSESSMENT WORK—EVIDENCE. The evidence sufficiently shows a failure to do assessment work, working a forfeiture of the claim, where the locators merely paid in good faith $500 to parties who did no more than go upon the ground and make a pretense of doing the work.

[1]Reported in 99 Pac. 1033.

Appeal from a judgment of the superior court for Skagit county, Joiner J., entered March 26, 1908, upon findings in favor of the plaintiff, in an action to quiet title. Affirmed.

*Million, Houser & Shrauger*, for appellant.

*E. H. Kohlhase*, for respondent.

CHADWICK, J.—In the year 1901 defendant's grantor filed location notices covering three mining claims, in Skagit county. In June, 1907, one Cleveland, acting as agent for the plaintiff, filed location notices upon the same property. Plaintiff brought action against defendant to quiet its right of possession to the mining ground, alleging its location, that it had failed and neglected to perform its assessment work for the years 1906 and 1907, that it had forfeited all its rights in and to the property, that its claim of ownership was hostile and adverse to plaintiff; and praying for judgment that its "right of possession be held to be paramount to that of plaintiff." After a demurrer setting up all the statutory grounds had been overruled, defendant answered. It asserted its right of possession to the ground described in the complaint, that it had been ousted by plaintiff, and that it had done its assessment work in each year except the year 1907, when it was prevented from doing the work by reason of having been ousted; and further that plaintiff had not made any discovery of valuable mineral or in any manner complied with the laws relating to assessment work on mining claims. From a judgment in favor of plaintiff, defendant has appealed.

Counsel suggests that the court erred, (1) in overruling the demurrer; (2) in finding that respondent had made a valid location upon the property; and (3) in finding that appellant had failed to do its assessment work for the years 1906 and 1907.

(1) We think the demurrer was properly overruled. Respondent did not allege that it had made an actual discovery

of mineral upon the ground located, or excuse the absence of such allegation by alleging that its location notices showed that its act was a relocation of abandoned ground. Nor do we think this allegation necessary. It was enough for respondent to allege its ownership and possession and the adverse claim of appellant. The things suggested are evidentiary, and come within the rules of evidence rather than of pleading. The complaint was sufficient.

(2) It may well be questioned whether there is a sufficient showing to warrant the court in holding that respondent's location is a valid one, and it is quite as uncertain whether the court actually held that valid locations were made. There is no testimony that a discovery had in fact been made at the time the ground was located by respondent's grantor. Under the pleadings and evidence, the locations of respondent must be treated as original locations of open ground. They were not made with reference to any attempt on the part of appellant to locate and hold the ground. The court did find, however, that the appellant "claims the right of possession of the aforesaid mining claims by reason of their prior location," and that "plaintiff was in possession of the claims;" and decreed that "plaintiff's right to possession in and to the mining claims in this action described be and the same is hereby quieted as against the claim of possession of the defendant." It was admitted in the pleadings that respondent was in possession, and the testimony shows that appellant had never in fact made a proper location, in that the claims were not bounded and marked with stakes or monuments as by law required. So far as the technical location of the claims is concerned, the parties are equally delinquent. The failure of the one finds a counterpart in the omission of the other. The only question for determination is the present possession of the disputed ground. When appellant took over the ground without defined boundaries, and during the continuance of its claim erected no monuments or corner posts so that the

boundary lines of its claims could be readily traced, it as-- sumed at its peril the risk of intervening rights of third par- ties. *Brockbank v. Albion Min. Co.*, 29 Utah 367, 81 Pac. 863; 1 Snyder, Mines, §§ 384, 385, 389, 447, 449; 1 Lind- ley, Mines, § 330; *Erwin v. Perego*, 93 Fed. 608; *Jupiter Min. Co. v. Bodie Consolidated Min. Co.*, 11 Fed. 666.

Although a discovery was not alleged or proved, we think a location notice lacking in the particular complained of was a sufficient color of title, when coupled with possession gained under a peaceful entry, to warrant the findings and conclu- sions of the court. Appellant, having no legal rights in the disputed ground, cannot question the right of another who is in peaceable possession. 1 Snyder, Mines, § 234. As between the parties and the government, respondent had the title and was "entitled to hold it until some one other than the govern- ment could show a better or paramount title. In the absence of intervening rights, the fact that mineral is not discovered on a claim until after the notice of location is posted and the boundary marked is immaterial, and, where the discovery is the result of work subsequently done by the locator, his pos- sessory rights under his location are complete from the date of such discovery." *Cedar Canon Cons. Min. Co. v. Yarwood,* 27 Wash. 271, 67 Pac. 749, 91 Am. St. 841; *Nevada Sierra Oil Co. v. Home Oil Co.*, 98 Fed. 673; *Jupiter Min. Co. v. Bodie Consolidated Min. Co.*, *supra*; 1 Lindley, Mines, § 335. The extent to which courts will go in the protection of possessory rights in mining claims is fully treated and the authorities collected in 1 Lindley on Mines, §§ 216-219.

(3) It is clearly shown that appellant did not perform its assessment work for the year 1906 in the manner and to the value as required by law. It is true it paid the sum of $500 to parties whom it had no doubt employed in good faith, but who did no more than go upon the ground and make pretense of doing the work. This is not a compliance with the law. The work must be done as required in the Federal statutes or

a forfeiture results.   It follows that respondent's possession
was lawful.

The decree of the lower court is affirmed.

RUDKIN, C. J., FULLERTON, GOSE, MOUNT, CROW, and
DUNBAR, JJ., concur.