[No. 7502. *En Banc.* September 25, 1909.]

NATIONAL MILLING & MINING COMPANY, *Respondent,* v. JAMES PICCOLO, *Appellant.*[1]

MINES AND MINERALS — ACTION FOR POSSESSION — COMPLAINT— PLEADING—TITLE. The ordinary allegation of title generally is sufficient in an action to recover the possession of a mining claim, without stating the facts necessary to show a valid location under the mineral laws, which are matters of evidence.

SAME—CLAIMS—DESCRIPTION. Descriptions of a mining claim in location notices and in a complaint are sufficiently definite, where the defendant was not misled and knew the boundaries from plaintiff's long possession.

SAME—ACTION FOR POSSESSION—VARIANCE. In an action to recover possession of a mining claim, in which there is no dispute as to the boundaries, a variance between the descriptions in location

[1]Reported in 104 Pac. 128.

notices is not material, where both included the plaintiff's improvements, the claims were marked on the ground, and the boundaries were known to defendant, who was not misled to his prejudice, within Bal. Code, § 4949.

SAME—CLAIMS—RELOCATION — STATUTES — CONSTRUCTION.   Under Laws 1899, p. 71, § 8, to relocate a forfeited mining claim it is necessary to sink a new discovery shaft or sink the original shaft ten feet deeper; and this requirement is not excused by § 9, providing that the "provision herein relating to discovery shafts shall not apply to any location west of the summit of the Cascade mountains," in case of an attempt to take advantage of a forfeiture.

SAME—UNPATENTED CLAIMS—EJECTMENT—TITLE.   In an action to recover possession of unpatented mining claims, the better title prevails, and the rule that the plaintiff must recover, if at all, on the strength of his own title does not apply.

SAME—SUPERIOR TITLE.   As between two claimants to a mineral location, the better title lies with the one who for years spent large sums of money in a good faith endeavor to develop a mine, even if there was a forfeiture by failure to do assessment work, as against another who entered in the absence of the first claimant with the sole purpose of appropriating the fruits of the other's labor, and who failed to comply with the mineral laws as to relocations; there having been no abandonment by the first claimant.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered November 19, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to recover the possession of mining claims.   Affirmed.

*Kirkpatrick & Doty* and *Morris, Southard & Shipley*, for appellant.

*J. H. Naylor* and *Merrick & Mills*, for respondent.

FULLERTON, J.—In this action the respondent seeks to recover from the appellant the possession of a part of two certain mining claims, situated in the Silver Creek mining district, in Snohomish county, Washington.   The claims in question were originally located by the respondent's predecessors in interest as early as August, 1887, and from that time until January, 1906, were held and possessed by such predecessors and the respondent without let or hindrance from any one.

During this period, the possessors ran tunnels, sank shafts, and erected buildings on the property, tending towards its development as a mine, at a cost of upwards of $10,000.

In January, 1906, the appellant entered upon the territory covered by the respondent's claims and attempted to locate a new mineral claim. As marked upon the ground, his attempted location did not follow the lines of either of the respondent's claims, but crossed the same diagonally, covering a part of the ground of both, but it did include all of the tunnels, shafts, buildings and other works the respondent had put thereon in the way of development; in fact, the notice of location was posted at the mouth of the principal tunnel run upon the claims. Later on in the season he procured a large door by which he closed the mouth of this tunnel, locking the same and excluding the respondent therefrom. Thereafter this action was begun to recover possession, as above stated.

In its complaint, the respondent alleged title, possession and right of possession, and the wrongful entry of the appellant thereon. The defendant admitted the entry, but sought to justify by averring that the ground at the time of his entry was vacant public mineral land, subject to location under the mineral land laws of the United States, and that he had located the same as a mineral claim under such laws; further averring that the respondent had forfeited all of its rights to the same, if any it ever had, by failing to do its assessment work thereon for the year 1905. The affirmative allegations of the answer were denied in the reply. On the issues so made, a trial was had before the court, sitting without a jury, and resulted in findings to the effect that there had been no forfeiture of respondent's location, and consequently the appellant's location was invalid. From the judgment entered on the findings, this appeal is taken.

The appellant first contends that the complaint does not state facts sufficient to constitute a cause of action. It is argued that a plaintiff in an action to recover possession of a mineral claim must allege and prove all of the facts neces-

sary to show a lawful and valid location of the claim, by some person entitled under the laws to make a mineral location, such as the due marking of the boundaries of the claim on the ground, the posting of the notice of location, its recording, and that the locator was qualified under the laws of the United States to make a location. But in an action to recover possession of a mining claim, the complaint need not be different from that required in possessory actions generally. It is sufficient to allege ownership and right of possession, and that the defendant wrongfully entered thereon. Such an averment carries with it all of the facts essential to establish ownership. The means by which the possessor is entitled to the possession are matters of evidence. *Protective Min. Co. v. Forest City Min. Co.*, 51 Wash. 643, 99 Pac. 1033; U. S. Revised Statutes, § 910; 27 Cyc. 644; *Fulkerson v. Chisna Min. & Imp. Co.*, 122 Fed. 782. The complaint in this action was thus definite, and we hold it sufficient.

It is contended further that the description of the claim was insufficient both in the complaint and in the notices of location. Without, however, entering into detail concerning the description, we think the descriptions sufficient, when aided by the respondent's long continued possession. Moreover, it is manifest that the appellant was not deceived or misled by any false or deficient description. It plainly appears that he knew the boundaries of the claims and entered within them for the purpose of acquiring for himself the benefit of the respondent's labor and expenditures, believing that the respondent had forfeited its rights, not in ignorance of such rights, nor for want of a sufficient description of the property in the location notices. The purpose of description is to give notice, and since the appellant had notice, it would seem that he was not in a position to complain of technical defects which in no way affected his rights.

It is next contended that there is a variance between the pleading and the proofs. On the trial of the cause, the respondent introduced an amended notice of location filed in

1890, which, the appellant contends, contained a description differing from that set out in the complaint and contained in the original notice. But the variation, if any, was not material. The claims were marked out on the ground, and the boundaries were well known to the appellant. His entry was upon territory plainly defined in both locations. It might be that a difference of this character would be material were there a contest over the boundary line between these claims and claims adjoining, but it is not a reason for taking the entire claims from the respondent and awarding them to the appellant. Nor does the fact that the difference was not noticed in the complaint require a reversal of the judgment or a new trial in the court below. By the code, Ballinger's, § 4949 (P. C. § 420), no variance between the allegation in the pleading and the proof is deemed material unless it shall have actually misled the adverse party to his prejudice in maintaining his defense upon the merits. It is idle to say that any such result followed the introduction in evidence of this amended location notice.

The remainder of the assignments of error question the sufficiency of the evidence to justify the findings of the court. The statement of facts is very voluminous, and it would not be profitable to give even a resume of the matters offered in evidence. It is therefore sufficient to say that the evidence in our judgment justifies the findings.

The last question to be noticed is, do the findings of fact justify the conclusions of law. The court's findings show in detail what was done by the respondent towards doing the assessment work for the year 1905. These findings, in our opinion, do not justify the conclusion that the respondent did work enough to save the claims from forfeiture, had a valid location of the ground intervened between January 1, 1906, and the time the appellant ousted the respondent therefrom. But the findings make it clear that no valid location intervened. While the notices were properly posted and the claim properly marked on the ground by the appellant, there is no

finding or evidence that the notices complied with the statute, or that the location was completed by sinking a discovery shaft on the lode of the claim. The statute in relation to the relocation of forfeited claims reads as follows:

"The relocation of forfeited or abandoned quartz or lode claims shall only be made by sinking a new discovery shaft and fixing new boundaries in the same manner and to the same extent as is required in making a new location, or the re-locator may sink the original discovery shaft ten feet deeper than it was at the date of commencement of such relocation, and shall erect new, or make the old monuments the same as originally required; in either case a new location monument shall be erected and the location certificate shall state if the whole or any part of the new location is located as abandoned property." Laws 1899, p. 71, § 8.

The appellant, it will be remembered, was attempting to relocate a forfeited claim, not a claim upon vacant mineral land of the United States. To do this, under this provision of the statute, it was necessary that he sink a shaft on the lode of the claim, and state in his location certificate "if the whole or any part of the new location is located or abandoned property." A mere marking of the ground, and posting notices proper for an original location, was not sufficient. A relocation of a forfeited claim must comply with this section of the statute to be valid.

Section 9 of the act, it is true, provides that the "provision herein, relating to discovery shafts, shall not apply to any mining location west of the summit of the Cascade mountains;" but this does not excuse the sinking of a shaft in a case where there is no discovery, but an attempt to take advantage of a forfeiture. In the latter case the shaft must be sunk to complete the location.

Since, therefore, the appellant did not perfect his location, it remains to inquire which of the parties has the better title. And in determining this question it must be remembered that in possessory actions to recover unpatented mining claims the rule of ejectment, namely, that the plaintiff must recover on

the strength of his own title and not the weakness of his adversary's, does not apply. In actions of this sort the better title prevails. Thus, it is said in *Strepey v. Stark*, 7 Colo. 614:

"It is further to be observed that the rule in ejectment, that the plaintiff must recover, if at all, on the strength of his own title, and not upon the weakness of that of his adversary, is held not to apply to possessory actions for mining claims, where neither party has, strictly speaking, any legal title, but when the prior possession of plaintiff is pitted against the present possession of the defendant. 'Practically, the real question involved in all such cases is: Which, as against the other, has the better right to mine the land in question?'"

In 27 Cyc. 599:

"Unlike abandonment there is no question of intent involved in forfeiture. The only question is whether the law has been complied with. Abandonment may occur at any time before the issue of patent, while forfeiture, properly speaking, can only occur at stated statutory periods upon the failure to perform the annual representation. Forfeiture is never complete until adverse claims are made to the property under other locations, while abandonment operates instanter."

And in *Emerson v. McWhirter*, 133 Cal. 510, 65 Pac. 1036:

"The courts are reluctant to enforce a forfeiture, deeming this class of penalties odious in law."

As between the claimants in the case before us, there can be but little question as to which of them has the superior rights. One who has spent a large sum of money on a mining location, in a good-faith endeavor to develop it into a mine, unquestionably has a superior right to the property over one who enters with the sole purpose of appropriating to himself the fruits of the foresight and labor of the first occupant. Whatever may be said as to a forfeiture of these particular claims, as against a valid subsequent location, there was no abandonment of them. There was at all times a good-faith intent to return and take up the work, and this is a superior title to one who enters without right, in the absence of the first party,

and seeks to appropriate the first party's labor and effects. *Davis v. Dennis*, 43 Wash. 54, 85 Pac. 1079.

The judgment is affirmed.

RUDKIN, C. J., GOSE, CHADWICK, MOUNT, CROW, and DUNBAR, JJ., concur.

PARKER and MORRIS, JJ., took no part.