[No. 14645.  Department One.  November 13, 1918.]

OROVILLE INTERNATIONAL SALTS COMPANY, *Appellant,*
v. S. RAYBURN *et al:, Respondents.*[1]

JURY (8) — RIGHT TO JURY TRIAL — RECOVERY OF MINING CLAIM. In an action involving conflicting claims to unpatented mining claims, defendants are entitled to a jury trial where they alleged ownership and right of possession and that they were wrongfully deprived of possession by plaintiff, which had committed waste.

MINES AND MINERALS (12) — ACTIONS TO RECOVER POSSESSION — TITLE. In possessory actions to recover unpatented mining claims, the better title prevails, the rule in ejectment for recovery on the strength of one's own title not applying.

Appeal from a judgment of the superior court for Okanogan county, Truax, J., entered September 1,

[1]Reported in 176 Pac. 14.

1917, upon the verdict of a jury rendered in favor of the defendants, in an action to determine conflicting claims to a mining claim. Affirmed.

*J. H. Templeton* and *P. D. Smith,* for appellant.

*Mulligan & Bardsley* and *E. A. Williams,* for respondents.

MITCHELL, J. — This action involves conflicting claims to an unpatented mining claim for the purpose of mining. In May, 1917, plaintiff commenced the suit. It alleged in the complaint that, since December, 1911, it had been, subject to the paramount title of the United States, the owner of, and in the actual possession of, one certain placer mining claim known as the "Saline Placer Claim"—giving a description of it by governmental subdivisions; that defendants, within the last three years, in pursuance of a conspiracy to defraud plaintiff, received $3,159 in the way of royalties from a third person on account of epsom salts removed from the property by such third person, who was wrongfully put on the property by defendants. The complaint sets out facts upon which such charge of conspiracy was based with considerable detail and particularity, not necessary to be further noticed here. The complaint demanded judgment in said sum of $3,159.

Defendants answered by denials coupled with certain admissions and an affirmative defense, followed by two cross-complaints, only the first of which need be noticed. In their first cross-complaint they alleged in substance that, for many years prior to the commencement of the action, they had been the owners, subject to the paramount title of the United States, of the Saline Placer Claim (describing it), and had been in possession of it, but that plaintiff, within one

year prior to the commencement of the action, wrongfully, unlawfully and without right or authority entered upon and had taken and removed therefrom and converted to its own use a large amount of epsom salts of the reasonable value of $15,000.   Plaintiff replied to the first cross-complaint by a general denial only.   The case was set for trial at a jury term, and when it was reached plaintiff first moved to dismiss all that part of its complaint asking for damages, and also objected to a jury trial.   Defendants insisted on a jury trial.   After some colloquy, the court held defendants were entitled to a jury trial.   Upon further discussing the matter, plaintiff then elected to go to trial on the issues made by the first cross-complaint and reply.   There was a jury trial.   At the conclusion of defendants' proof, plaintiff moved, first, for a nonsuit against defendants W. C. Hancock and G. M. Rayburn, and second, for a nonsuit against all of defendants, each on the ground that they had failed to prove title in themselves.   Both motions were denied.

A verdict for defendants that they were the owners of, and entitled to the possession of, the placer claim (describing it), but awarding no damages, was returned by the jury.

Plaintiff, in due time, filed a motion for a new trial on the grounds of insufficiency of the evidence to justify the verdict and that the verdict was against the law and the evidence; and also filed a motion for judgment notwithstanding the verdict for the same reasons.   Both motions were denied and judgment entered for defendants on and according to the verdict.   Plaintiff appeals.

Errors, as assigned, are:   (1) The court erred in refusing to discharge the jury;  (2) the court erred in refusing to grant appellant's motion for nonsuit

against respondents Hancock and G. M. Rayburn; (3) the court erred in refusing to grant appellant's motion for nonsuit against all of the respondents; (4) the court erred in denying appellant's motion for judgment notwithstanding the verdict; (5) the court erred in denying appellant's motion for a new trial.

As to the first assignment of error, it is apparent respondents were entitled to a jury trial. They alleged ownership and right of possession and that they had been wrongfully deprived of the latter by appellant, which had committed waste.

As to the second, third, fourth and fifth assignments of error, they may properly be considered together—a plan suggested and adopted by appellant in its brief.

There had been a former location of both lode and placer claims on this same property by parties who sold to respondent S. Rayburn a one-fourth interest and the remainder to a corporation, other than appellant, that years ago became defunct and abandoned all claim to the property. Respondent S. Rayburn never abandoned or disposed of his rights, so far as appellant is concerned, and later on with the other respondents filed a placer claim on the property and afterward performed all the annual assessment work.

Appellant proceeds in presenting the cause upon the theory that, in such case as this, respondents must recover, if at all, on the strength of their own title and not on the weakness of their adversary's title, or, as counsel state it, respondents are burdened to show title against appellant and every other person except the United States. With such view, it then proceeds to argue that the placer location notices of respondents were fatally defective and contends, therefore, that the judgment is erroneous. Appellant misconceives the character of the burden in this case. The

rule is declared in the case of *National Milling & Mining Co. v. Piccolo*, 54 Wash. 617, 104 Pac. 128, to be:

"And in determining this question it must be remembered that in possessory actions to recover unpatented mining claims the rule of ejectment, namely, that the plaintiff must recover on the strength of his own title and not the weakness of his adversary's, does not apply. In actions of this sort the better title prevails."

There is ample testimony in this case to satisfy a jury of compliance on the part of respondents with the requirements of the statute as to their filing on the property as a placer claim and doing all subsequent assessment work, and there is no testimony to show that respondents have ever parted with any interest to the appellant. In the trial it does not appear that appellant requested a single instruction to the jury, and, on the other hand, the law of the case was quite fully covered by instructions given, none of which were excepted to by the appellant.

Judgment affirmed.

MAIN, C. J., TOLMAN, FULLERTON, and PARKER, JJ., concur.