(No. 2256.    Sept. 8, 1919.)
## BLAKE v. CAVINS et al.

Rehearing Denied Dec. 1, 1919.

### SYLLABUS BY THE COURT

1. · Section 5571, Code 1915, provides that the venue of a case, either civil or criminal, may be changed when it shall appear that either party cannot have justice done him at a trial in the county in which such case is then pending, or for any other proper cause satisfactory to the judge before whom the motion is made.

Section 5573, Code 1915, makes the changing of venue mandatory upon motion filed therefor, supported by affidavits showing the facts which the statute prescribed shall require the change of venue.

Under the first section no showing by affidavit is required, and the venue may be changed upon oral motion. Where a change of venue is applied for, and the supporting affidavits are not sufficient to warrant the change under section 5573, but the court nevertheless grants the change of venue, it will be persumed that the power was exercised under section 5571, and that the court properly exercised the discretion conferred by such section.                                    P. 578

2. The trial court cannot take judicial knowledge of the fact that records in the office of the county recorder have been destroyed by fire.                              P. 582

3. Where the notice of location of a mining claim states that it is a relocation of a former named location, the validity of the prior location is admitted; but, where the notice of location does not state that it is a relocation, the junior locator may defend upon (a) the invalidity of the senior location, and (b) the failure of the senior locator to do the required amount

of assessment work, and by interposing the defense of failure to do the required amount of assessment work, the junior locator does not sacrifice his right to question the validity of the senior location on the ground of failure to comply with the requirements of the federal statute in making the location.
P. 584

4. Questions presented for specific findings which assume as true material facts in issue and not admitted should not be submitted. P. 588

5. Whether the notice and description of the claim are sufficient to appraise other prospectors of its precise location is a question of fact and not of law. P. 588

6. Where a witness uses a memorandum book for the purpose of refreshing his recollection, counsel, on cross-examination, have a right to have such memoranda so used by the witness to refresh his recollection put in evidence. P. 588

7. Where plaintiff's evidence, given upon the trial, is inconsistent with facts theretofore sworn to by such plaintiff in an affidavit in support of a motion for a new trial, defendant is entitled to have such affidavit read to the jury, proper foundation being laid, for the purpose of impeaching the plaintiff. P. 590

Appeal from District Court, Dona Ana County; Medler, Judge.

Action by George A. Blake against Vernon S. Cavins and others. Verdict for plaintiff, motion for new trial denied, and judgment on the verdict, and defendants appeal. Reversed and remanded, with instructions to grant defendants a new trial.

E. R. WRIGHT, of Santa Fe, for appellants.

E. W. DOBSON, of Albuquerque, for appellee.

OPINION OF THE COURT

ROBERTS, J. This is an appeal from a judgment of the district court of Dona Ana county, entered upon a verdict of the jury finding that the appellee was entitled to the possession of a certain tract of land known as the Abo lode mining claim, located by him in 1893. The land involved in the action is situated in western Torrance county, in what is known as the Abo Pass. This

particular portion of Torrance county, prior to the year 1893, was within the then boundaries of the county of Valencia. In 1915 the appellants' predecessors in interest located practically the same land as was thereafter claimed by appellee, under the mining laws of the United States, as the Blue Star lode mining claim. They posted their location notice, marked the boundaries, and duly recorded the location notice. They discovered mineral in place, to wit, copper, and proceeded with the development of their mine.

In December 1915, while the applicants were conducting actual mining operations and had opened up valuable deposits of copper, the appellee appeared and claimed that he was the owner of the tract of land and entitled to the possession of it under his location made in 1893. Shortly thereafter appellee filed this action in ejectment in the district court of Torrance county, and at the same time brought an injunction suit to prevent appellants from doing any more work upon the claim, and for damages. The claim for damages and the injunction are not involved in this appeal, and no further reference to those features need be made. After the suit was filed, but before service was had upon the appellants Cavins and Prichard, they organized the defendant company, the Abo Canon Copper Mining Company, under the laws of New Mexico, and transferred all their interest to that company. The corporation was thereafter made a party defendant. Issues were joined and the case came on for trial at the November, 1916, term, of the district court of Torrance county, and resulted in a verdict for the appellants.

Appellee filed a motion for a new trial, and this the court granted in March, 1917. Thereafter, and on the 18th day of May, 1917, the appellee filed a motion for a change of venue to some other county in the district free from exception. The regular term in and for Torrance county began on the 21st day of May, 1917. This was the first term of court subsequent to the trial in Novem-

ber, 1916. On May 21, 1917, the appellants filed exceptions and objections to the sufficiency of the motion papers for a change of venue. These objections and exceptions were by the court sustained, and over the objection of appellants the court permitted appellee to file, within five days, an amended motion for a change of venue. This amended motion did not come on for hearing until September 25, 1917, at Las Cruces, Dona Ana county, within said judicial district.

Appellants again filed objections and exceptions to the sufficiency of the amended motion, which exceptions and objections were by the court overruled. Appellants then demanded that appellee produce his supporting witnesses in open court for examination as to their knowledge and interest. Counsel for appellee produced the plaintiff and Victorio Ballejos, one of the supporting witnesses, but did not produce the other supporting witness at that time stating that they were unable to pro cure his attendance, but would do so later, if the court desired. Over the objection of the appellants the plaintiff was examined, and thereafter the witness Ballejos was examined. The court changed the venue of the case from Torrance county to Dona Ana county over the objection and exception of the appellants.

The case was tried in Dona Ana county in November, 1917. Counsel for appellants objected to going to trial on the ground that the district court of Dona Ana county was wholly without jurisdiction to try the case. The objection was overruled, and the court directed that the trial proceed, and the jury was impaneled.

Appellants defended upon two grounds: First that the annual assessment work upon the so-called Abo mine located by appellee in 1893, was not done for the year 1914, and that upon January 1, 1915, the ground covered by the so-called Abo mining claim was open for entry under the United States mining laws by the first comer, and that when appellants' predecessors in interest made

the location of the Blue Star mining claim in September, 1915, that said mine location was an original location and entitled them to the possession of the land.    They also defended upon the ground that the original location made in 1893 of the Abo mine by the appellee was defective in several particulars, viz.: That said grounds were never properly located by any one prior to the time said location was made by Jackson and Hanlon, appellants' predecessors in interest; that said ground had never been properly monumented by any previous locators, nor had any certificate ever been recorded in the county of Torrance, the county in which said lode claim is located; that there was no notice of any claim of said ground posted at any place within the boundaries of said lode claim.

Appellee contended that the location of the Blue Star mine by the appellants' predecessors in interest in September 1915, was an attempted relocation of the Abo mine, and that therefore the validity of the original location of the Abo mine by the appellee in 1893 was admitted.    A great deal of testimony was taken, and the general issues, together with certain specific findings, were submitted to the jury.    The jury returned its verdict in favor of the appellee and also returned answers to the specific findings.    A motion for a new trial was filed by the appellants, which was overruled, and judgment was entered upon the verdict.    From the judgment so entered, this appeal is prosecuted.

Thirty-five specifications of error are filed, which are discussed under 10 points.    Only such alleged errors as are necessary to a disposition of the case on appeal will be considered, and they will be stated in the order considered.

[1] The first point presented is that the court erred in granting a change of venue to Dona Ana county.    Appellants contend that the motion for a change of venue was insufficient for the following reasons:

Blake v. Cavins, 25 N. M. 574.

"(a) It failed to set forth facts to support the belief of the plaintiff as to the matters in the affidavit of plaintiff set forth as grounds for change of venue.

"(b) The amended motion for change of venue failed to set forth facts within the provisions of section 5576, New Mexico Code 1915.

"(c) The court was without authority to permit the plaintiff to amend his motion originally filed on May 18, 1918, after holding said original motion insufficient.

"(d) It appears from the face of the motion papers that the alleged supporting affidavits of Sisneros and Ballejos were sworn to two days before the plaintiff made and swore to his affidavit, wherefore it follows that there was no sufficient showing or motion to support the application for a change of venue."

The trial court, in granting the change of venue, made the following statement, which is incorporated in the bill of exceptions:

"The Court: I will make a statement in order that the court above may know the reasons: As the court announced when he overruled the motion for a new trial, he did not like the atmosphere under which the case was tried. A civil case of this kind ought to be tried without exciting so much interest of the people in the county as to require them to remain around the court and watch the result, spend several days of their own time watching the result of other people's business. I do not believe that this plaintiff in this case got a fair trial on account of prejudice and interest of the people who were interested in the case at the time the case was tried, and that was one of the principal reasons on which the motion for new trial was given; if he did not get a fair trial then, for these reasons he would not get a fair trial now, and that was the ground on which the court would grant the motion."

In this jurisdiction we have two sections of the statute relative to changes of venue in civil and criminal cases, the first being section 5571, Code 1915, which reads as follows:

"The venue in all cases, both civil and criminal, shall be changed to some county free from exception, whenever the judge is interested in the result of such case, and may be changed in any case in which it shall appear that either party cannot have justice done him at a trial in the county in which such case is then pending, or for any other proper cause, satisfactory to the judge before whom the motion is made."

This section was originally enacted as section 1, chapter 9, Laws 1882. The next section is section 5573, Code 1915, originally enacted as section 1, chapter 77, Laws 1889, and reads as follows:

"The venue in all civil and criminal cases shall be changed whenever the judge is interested in the result, or is related to, or has been counsel for either party, or when the party moving for a change shall file in the case an affidavit of himself, his agent or attorney, stating that he believes such party cannot obtain a fair trial in the county wherein the cause is then pending, either because the adverse party has an undue influence over the minds of the inhabitants of such county, or the inhabitants of such county are prejudiced against such party, or because by reason of public excitement or local prejudice in such county in regard to the case or the questions involved therein, an impartial jury cannot be obtained in such county to try the same. Such affidavit must be supported by the oaths of two disinterested persons that they believe the facts therein stated are true."

In view of the decision of the territorial Supreme Court in the case of Territory v. Taylor, 11 N. M. 588, 71 Pac. 489, construing the two sections of our statute relative to change of venue, it is unnecessary to determine the objection raised by appellants to the granting of the change of venue. We may assume, for the sake of argument, that, had the change of venue been granted under section 5573, their objection would be meritorious; yet the action of the court is sustainable upon the theory that the power which it exercised was derived from section 5571. That there was a motion made for a change of venue is shown by the record. That the trial court was satisfied that appellee could not have justice done him at a trial in Torrance county appears from the statement made by the trial judge, herein before set out. In the case of Territory v. Taylor, supra, a motion for a change of venue had been made and granted. Counsel for appellants in that case assumed that the motion had been made and the power exercised under section 2881, C. L. 1897, which appears in the Code of 1915 as section 5573. The court in disposing of this contention said:

"In the case at bar the learned counsel for the appellant, who, by the way did not try the case below, take it for

granted that the motion for the change of venue was granted under the mandatory law of 1889. We can see nothing in this contention, as the acts necessary to secure a change of venue under that law do not appear in the record, while enough is set out in it to secure the change of venue under the law of 1882. In the absence of anything to the contrary appearing in the transcript, we must .presume that the trial judge exercised a sound judicial discretion in changing the venue in this case."

The two sections as thus construed in 1903 have remained undisturbed by the Legislature, and it is apparent that this court should not depart from the construction thus placed upon the same. We therefore hold that, where a motion is made for a change of venue and such motion is not supported by a proper showing as required by section 5573, Code 1915, but the change of venue is granted by the trial court, it will be presumed, in the absence of anything in the record to show to the contrary, that in granting the change of venue the court exercised the power conferred by section 5571, Code 1915, which authorized the court to grant a change of venue when it shall appear that either party cannot have justice done him at a trial in the county in which such case is then pending, or for any other proper cause satisfactory to the judge, etc. For this reason we hold that there was no error committed by the trial court in granting the change of venue.

In appellants' third point they discuss three or four related questions. A preliminary statement will probably aid in an understanding of the questions presented. In appellants' answer they defend upon two grounds: First, that appellee's original location was invalid because of his failure to comply with the mining laws of the United States and of the territory in the following particulars: (a) That the claim itself was not monumented as required by statute; (b) that an erroneous description thereof by reference to some natural object or permanent monument was made; that no location notice was posted on the claim as required by statute and other minor defects were also relied upon. Second,

that appellee had failed to do the required amount of assessment work upon the claim for the year 1914.

In passing, we cannot refrain from saying that appellants' answer, in so far as the first defense relied upon is concerned, is justly subject to criticism, in that only legal conclusions were pleaded; but no question was raised in the trial court as to the sufficiency of the answer in this regard, and appellee treated the answer as legally sufficient and put in evidence to show that he had complied with the mining laws of the United States and of the territory. The parties having litigated the question, the objection is waived, and it is the duty of this court to treat the answer as sufficient. This being true, therefore, we have appellants standing in the lower court upon two defenses: (a) The validity of appellee's original location; and (b) his failure to do the required amount of assessment work, and as to both propositions the evidence is more or less conflicting, except as to the misdescription in the references to a permanent monument, as to which there was no question.

[2] During the trial of the case appellant Cavins was testifying as a witness, and was asked by his counsel as to whether or not he had made search of the records of Torrance county for the purpose of ascertaining if a location notice had been filed by any one prior to the time when he was proposing to locate the Blue Star. Counsel for appellee objected to the question, and the court sustained the objection, stating that it would take judicial knowledge of the fact that the records in the county clerk's office of Torrance county had been destroyed by fire. This ruling of the court was excepted to by counsel for appellants, and he attempted to state to the court what he expected to prove by the answer, but was cut off, and not allowed to make the statement. He proposed to prove that Cavins had made a search of the records for the purpose of showing that no location notice appeared of record, and therefore establish his client's lack of knowledge that a prior location had been

made of the same ground embraced within the Blue Star location.

The court over the objections of the appellants, gave to the jury instruction No. 17 of its own motion, which instruction reads as follows:

"You are instructed that, if you believe from the evidence and the admissions of the defendants in their answer that the location of the Blue Star was an attempt to relocate the ground or substantially the same ground covered by the location notice of the Abo mining claim, made by the plaintiff, and that the persons making such Blue Star location knew that a previous location was claimed upon the same ground, and that such Blue Star location was made because of the failure to do the annual assessment work, then such location of the Blue Star mine was an admission of the validity of plaintiff's original location, and therefore it will not be necessary for you to consider any other evidence offered by the plaintiff in support of the validity of said location notice, or the evidence offered by the defendants to prove or show that said location notice was defective, either in regard to description or in any other particular."

The court also submitted to the jury three specific interrogatories, the latter two of which need only be noticed:

"(2) Did the defendants, Cavins et al., at the time that they attempted to relocate the Abo mine, have knowledge or did they know that the ground described in the 'Blue Star mine' location notice covered practically the same ground in the location notice of the 'Abo mine' as located by the plaintiff?"

"(3) Did the locators of the Blue Star mine know, at the time that they located the same under the name of the Blue Star mine, that the ground that they were locating had been formerly located by some other person, company, or corporation?"

That the court was in error in rejecting the proferred testimony would seem to require no argument. Certainly a court cannot take judicial knowledge of the fact that the records in a county recorder's office have been destroyed by fire. A court does not even take judicial knowledge of records in the recorder's office, but the authenticity of such records must be established by competent evidence.

[3] The principal point in this case however, turns on the instruction. The notice of location filed by appellants was silent as to whether it was an original location or a relocation. Section 3449, Code 1915, provides that the relocation of any mining ground which is the subject of relocation shall be made in the same way as an original location is required by law to be made, except that the relocator may either sink a new shaft upon the ground relocated, etc. If appellants had admitted in their answer that their location was a relocation of the Abo mining claim, or if the evidence tended to show that, in making the location in question, appellants were attempting to relocate the Abo mining claim solely because of a failure of appellee to do his assessment work upon the Abo claim, the instruction might be sustainable; but as stated, appellants were contending that they had made an original location, and were defending against the ejectment suit upon the two grounds stated. The question thus presented is whether or not the locator of a mining claim, which covers land theretofore attempted to be located by another, may sustain his location upon the two grounds namely: (1) That the original location of the contestant was invalid; (2) that he had failed to do his annual assessment work. It was held by the territorial Supreme Court, in the case of Wills v. Blain, 5 N. M. 238, 20 Pac. 798, in an action of ejectment to recover possession of a certain mining claim on the ground of an alleged prior location made under Act. Cong. May 10, 1872, c. 152, 17 Stat. 91, where the defendants claimed under a notice of relocation, and the only question was as to the performance by the plaintiffs of the annual labor required by the statute, an instruction to the jury that before plaintiffs could recover they must prove some title and right to the possession by a preponderance of the evidence, and that such right must be superior to that of defendants, was a proper instruction. In that case the notice distinctly stated that it was a relocation of the former claim, and the courts universally hold that, where a

subsequent locator states in his notice that it is a re-
location of a prior claim, such locator is limited in his
defense to proof of failure to do the annual assessment
work by the original locator. Wills v. Blain, 5 N. M.
238, 20 Pac. 798; Belk v. Meagher, 104 U. S. 279, 26
L. Ed. 735; Shattuck v. Costello, 8 Ariz. 22, 68 Pac. 529;
Golden v. Murphy, 31 Nev. 395, 103 Pac. 394, 105 Pac.
99; Jackson v. Prior Hill M. Co., 19 S. D. 453, 104 N. W.
207; Slothower v. Hunter, 15 Wyo. 189, 88 Pac. 36;
Yosemite Co. v. Emerson, 208 U. S. 25, 28 Sup. Ct. 196,
52 L. Ed. 374. In the last case cited the notice of loca-
tion did not state that it was a relocation; but the sub-
sequent locators upon the stand admitted that it was a
relocation, and all of the evidence showed that it was
such.

No case has been cited, and we have found none,
directly in point upon this proposition; but it would
seem, on principle, that the junior locator should be
allowed to challenge the validity of the senior claim,
where he has not admitted the validity of the prior loca-
tion in his location notice. In other words, by not stating
in his notice that he is relocating the prior claim, he
should have a right to sustain the validity of his loca-
tion upon the two grounds simultaneously, namely, in-
validity of the first location and failure of the first
locator to do the assessment work, without sacrificing
one defense by interposing the other. In the instruction
now under consideration, the court in effect says: If
the senior and junior locations cover the same ground,
and the junior locators knew there had been a previous
location or claim upon the same ground, and the junior
location is made because of the senior locators' failure
to do their annual assessment work, such facts estop the
junior locators from questioning the validity of the
senior location, and limit them to proof of a forfeiture
for failure to do the annual assessment work.

Suppose, for example, that the senior locator failed
to monument his claim, as required by both the federal

and state statutes, or failed to make a discovery of mineral in place, and likewise fails to do his annual assessment work; the junior locator knows that the senior locator has failed to do the required annual assessment work, and also knows that he has failed to comply with the law in the other respects named, by reason of which the land is subject to location. In other words, by failure to monument his claim or to discover mineral, the land remains a part of the public domain of the United States, subject to entry. The junior locator thereupon files a location upon the land and does the acts requisite under the law to enable him to retain possession and work the claim. Is he not entitled in an action of ejectment by the senior locator to avail himself of both defenses? We think he is, and that by interposing the defense the failure on the part of the senior locator to do the annual assessment work required, it does not deprive the junior locator of his right to question the validity of the senior locators' location. The Code (section 4118) provides:

"Different consistent defenses may be separately stated in the same answer."

And the denial to the appellants in this case of their right to rely upon both defenses deprives them of a right given them by the statute. There is no inconsistency between the two defenses interposed in this case. The fact that excavations have been made in the ground does not charge the intending locator with knowledge of the fact that a previous valid mining location has been made cf the land upon which the excavations appear, and the intending locator is not limited to the right of relocation only because there is some evidence that at some previous time some person has made excavations in the earth. The statutes, federal and state, provide the method by which the rights of the locator may be acquired, preserved and protected. If he has complied with these requirements, or substantially complied with them, his claim is protected from intrusion by others. But he does not withdraw his alleged claim from the public domain, nor deprive another of a right to locate upon the same ground,

unless he has complied with the mining statutes or is in actual possession of the land.

In what we have said herein we do not mean to imply or intimate that the evidence in the case shows a failure upon the part of the senior locator to comply with the mining laws in making his original location. This was a question of fact for the jury to determine, under proper instructions by the court. While there was evidence to the effect that there had been a misdescription in the call for the permanent monument to which the claim was tied, this in itself would not necessarily invalidate the location, if, as a matter of fact, the senior locator had properly monumented the claim and had done the other acts required by the statutes, and the junior locator had knowledge of the senior locator's claim and its boundaries. In the case of National Milling & Mining Co. v. Piccolo, 54 Wash. 617, 104 Pac. 128, the court said:

"It is contended, further, that the description of the claim was insufficient, both in the complaint and in the notices of location. Without, however, entering into detail concerning the description, we think the descriptions sufficient, when aided by the respondent's long-continued possession. Moreover, it is manifest that the appellant was not deceived or misled by any false or deficient description. It plainly appears that he knew the boundaries of the claims and entered within them for the purpose of acquiring for himself the benefit of the respondent's labor and expenditures, believing that the respondent had forfeited its rights, not in ignorance of such rights, nor for want of a sufficient description of the property in the location notices. The purpose of description is to give notice, and, since the appellant had notice, it would seem that he was not in a position to complain of technical defects which in no way affected his rights."

Under this rule it would be a question of fact for the jury to determine as to whether or not appellants had notice of appellee's rights and as to whether they knew the boundaries of the claim asserted by appellee. The recent decisions of the courts of last resort are more liberal in the construction of the provisions of the federal statutes relative to the description of the claim located by reference to some natural object or permanent monument,

and hold if by any reasonable construction, in view of the surrounding circumstances, the language employed in the description will impart notice to subsequent locators, it is sufficient. Bismarck Mining Co. v. North Sunbeam Co., 14 Idaho, 516, 95 Pac. 14. And whether the notice and description of the claim are sufficient to appraise other prospectors of its precise location is a question of fact, and not of law. Eilers v. Boatman, 111 U. S. 356, 4 Sup. Ct. 432, 28 L. Ed. 454. As pointed out in many cases, prospectors, as a general rule, are not versed in the art of surveying; hence courts do not hold them to a very strict compliance with actual directions and distances in the description which they give of the claims located. All that seems to be required is that the prospectors give such a description of the claim as will reasonably serve to identify it and prevent the shifting or moving of the same.

[4] The court was likewise in error in assuming, in the interrogatories submitted to the jury, that appellants' location was a relocation. Questions presented for special findings, which assume as true material facts in issue and not admitted, should not be submitted. Because of the error of the court in giving the instruction above referred to, and assuming in the interrogatories that appellants' location was a relocation, and in excluding the evidence referred to, the cause must be reversed.

[5] The fourth point made is that the court should have sustained appellants'' demurrer to the evidence, interposed at the conclusion of all the evidence in the case; but there is no merit in this contention. The evidence was conflicting as to whether appellee had done the required amount of assessment work for the year 1914, and it was for the jury to determine whether appellee had made a valid location, under proper instructions.

[6] The fifth point is that the court erred in refusing to permit appellants to offer in evidence, as part of the cross-examination of the witness Blake, pages 1, 2, 3,

and 4 of the memorandum book which had theretofore been identified by the witness Blake, upon his direct and cross examination, as an exhibit for identification, and to which the said witness had been permitted to refer constantly for the purpose of refreshing his recollection. Upon the examination of the appellee Blake, he testified that subsequent to the former trial of the case, and within three days after the termination of the trial, upon his return to Albuquerque, N. M., he found a memorandum book in which he had a memorandum relative to the assessment work done in 1914, showing who did the work, and how much, and in what manner he paid the workmen. Upon cross-examination counsel for appellants caused the book to be marked for identification, and cross-examined the witness relative to the memoranda contained in the book. At the close of the cross-examination counsel offered this exhibit in evidence as part of the cross-examination. Objection was made by appellee, and the court refused to permit the book to go in, giving as his reason therefor that, "when the plaintiff offered to introduce it at the time, you objected, and it was refused. Objection sustained." The objection made upon direct examination was to the witness reading from the memorandum. Certainly the appellant was entitled to have the jury inspect the memorandum. Where a witness testifying in a case uses a memorandum book made by himself some years previously for the purpose of refreshing his recollection, counsel, on cross-examination, have a right to have such memorandum so used by the witness to refresh his recollection, put in evidence.

"Where, on cross-examination a witness, at the request of counsel, produced a book to which he says he had to refer to refresh his memory, it is proper for counsel and the jury to inspect the entries relating to the matter in issue; but the court may properly refuse such inspection of other private matters having no connection with the case." Jones on Evidence, § 876.

See, also, Smith v. Jackson, 113 Mich. 511, 71 N. W. 843; Logan v. Freerks, 14 N. D. 127, 103 N. W. 426;

Mt. Terry M. Co. v. White, 10 S. D. 620, 74 N. W. 1060; Fletcher v. State, 12 Ala. App. 216, 67 South 631.

[7] The trial court also refused to permit appellants to put in evidence the affidavit of Blake, the appellee, attached to the motion for a new trial, filed by appellee on the 23rd day of December, 1916. The offer was made for the purpose of impeaching the testimony given by the witness Blake at the trial, and to show that the memorandum book from which appellee had testified was manufactured for the purpose of trial. The witness Blake had testified that he·found the memorandum book at least three weeks prior to his making the affidavit attached to his motion for a new trial, and there were many contradictions between the facts stated in the affidavit and the facts as testified to by the witness after refreshing his memory from the memorandum. This affidavit should have·been permitted to go to the jury.

The foregoing disposes of all the assignments of error which we deem it necessary to discuss. For the reasons stated, the case will be reversed and remanded to the district court of Dona Ana county, with instructions to grant appellants a new trial; and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.