### STEELE v. TANANA MINES R. CO.

(Circuit Court of Appeals, Ninth Circuit. October 1, 1906.)

No. 1,308.

1. MINES AND MINERALS—PLACER MINING CLAIMS—NECESSITY OF DISCOVERY.
   An appropriate discovery of mineral is as necessary to the lawful location of a placer mining claim as to the location of a lode claim.
   [Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mines and Minerals, §§ 23, 27.]

2. SAME—MINERAL CHARACTER OF PUBLIC LANDS—SUFFICIENCY OF DISCOVERY TO ESTABLISH.
   Under the established rule that, when public land is sought to be taken out of the category of agricultural lands, the evidence of its mineral character should be reasonably clear, the finding of colors of gold, even though fairly good prospects of gold, in placer prospecting, is not sufficient to establish the mineral character of the ground and to sustain a mineral location thereof as against a prior entry under the homestead laws.

Appeal from the District Court of the United States for the Third Division of the Territory of Alaska.

The appellant filed his bill in equity, alleging that at the date of the commencement of the suit the appellee was engaged in constructing a line of railroad in the territory of Alaska, and that in such construction it had entered upon certain land claimed by the appellant as a placer mining claim located by him on November 3, 1904, and had cleared and graded a right of way and roadbed, and would, unless enjoined, construct a permanent roadbed over and across said placer mining claim, lay the ties and railroad iron necessary for the operation of its railroad, and construct a passenger depot near the southerly line of said placer claim. The prayer of the bill was that the appellee be restrained from entering upon said placer claim and from doing anything further in constructing said roadbed and railway, and that such injunction be made perpetual. The appellee in its answer justified its possession of the premises in controversy under a grant of a right of way from certain entrymen of homesteads under entries made prior to the date of the location of the placer claim, to wit, on April 25, 1908. The trial court on the issues presented found for the defendant on two grounds: First, that the appellee obtained grants of its right of way and terminal grounds from persons claiming and actually occupying and holding said ground as homestead claimants under entries made prior to the location of the appellant's placer mining claim; and, second, that the appellant failed to show upon the trial a valid mineral location of the lands described in the complaint, or to prove that said lands were mineral lands subject to entry under the mining laws. The decree was that the bill be dismissed.

Louis K. Pratt and Pratt & Johanson, for appellant.
Carr & Nye, for appellee.

Before GILBERT and ROSS, Circuit Judges, and DE HAVEN, District Judge.

GILBERT, Circuit Judge, after stating the case as above, delivered the opinion of the court.

We find it necessary to consider only the second ground on which the court found the equities with the appellee and dismissed the bill. The trial court upon the evidence found that there had been no discovery of mineral sufficient to sustain the placer location. Although in some instances courts have questioned the necessity of an actual discovery of mineral upon gold placer ground, it is established by the decided weight of authority that appropriate discovery is as necessary to the location of a placer claim as to the location of a lode claim. 1 Lindley on Mines, § 437; 20 Am. & Eng. Ency. of Law, 708, and cases there cited.

The evidence of the discovery of mineral on the placer claim is as follows: The appellant testified that for about 10 days prior to locating the claim he prospected the ground, and in so doing panned frequently, with the result that in most instances he secured colors of gold and in some instances fairly good prospects of gold. Another witness, one Woodward, who was hired to further prospect on the claim, testified that the result of his panning "showed colors of gold in each instance, and many of such pans showed what miners and prospectors are in the habit of calling 'good prospects' of gold." The testimony of another witness was that he panned several pans of gravel and dirt on said claim and found colors of gold in each instance, and that, while there he saw several pans washed out by Mr. Woodward with somewhat better results, all of said pans contained colors readily and easily seen and in some instances quite a number of them. The sum and substance of this evidence is, not that gold had been discovered on the claim in

such quantities as to justify a person of ordinary prudence in further expending labor and means with a reasonable prospect of success, but that colors of gold had been found which were fairly good prospects of gold. Doubtless, colors of gold may be found by panning in the dry bed of any creek in Alaska, and miners, upon such encouragement, may be willing to further explore in the hope of finding gold in paying quantities. But such prospects are not sufficient to show that the land is so valuable for mineral as to take it out of the category of agricultural lands and to establish its character as mineral land when it comes to a contest between a mineral claimant and another claiming the land under other laws of the United States. In Chrisman v. Miller, 197 U. S. 313, 25 Sup. Ct. 468, 49 L. Ed. 770, the Supreme Court affirmed the doctrine, which had previously been announced (1 Lindley on Mines, § 336, and cases there cited), that, when the controversy is between two mineral claimants, the rule respecting the sufficiency of a discovery of mineral is more liberal than when it is between a mineral claimant and one seeking to make an agricultural or other entry under the land laws. The reason for this distinction is said to be that, when land is sought to be taken out of the category of agricultural lands, the evidence of its mineral character should be reasonably clear, while in respect to a controversy between rival claimants to mineral land the question is simply which is entitled to priority. That doctrine is applicable to the present case. A greater portion, if not all, of the land of the appellant's placer claim had been previously entered under the homestead law, and as to the remainder, if remainder there were, it was subject to appropriation by the railroad company under Act May 14, 1898, c. 299, 30 Stat. 409 [U. S. Comp. St. 1901, p. 1412], granting rights of way over public lands of the United States in the territory of Alaska to such railroad companies as should accept the grant and evidence their acceptance in the manner required by the act. In Chrisman v. Miller, the court approved the ruling of the Land Department in Castle v. Womble, 19 Land Dec. Dep. Int. 457, as follows:

"Where minerals have been found and the evidence is of such a character that a person of ordinary prudence would be justified in the further expenditure of his labor and means, with a reasonable prospect of success, in developing a valuable mine, the requirements of the statute have been met. To hold otherwise would tend to make of little avail, if not entirely nugatory, that provision of the law whereby 'all valuable mineral deposits in lands belonging to the United States * * * are * * * declared to be free and open to exploration and purchase.' "

The court quoted with approval, also, the following from Lindley on Mines, § 336:

"The facts which are within the observation of the discoverer, and which induce him to locate, should be such as would justify a man of ordinary prudence, not necessarily a skilled miner, in the expenditure of his time and money in the development of the property."

The decree of the District Court is affirmed.