[No. 13615.    Department One.    February 13, 1917.]

GOLD CREEK ANTIMONY MINES & SMELTER COMPANY,
*Appellant*, v. C. E. PERRY *et al.*, *Respondents*.[1]

MINES AND MINERALS—LOCATIONS—NOTICE—"VACANT AND UNOCCUPIED"—STATUTES. The purpose of U. S. Rev. Stats., § 2324, and Rem. Code, § 7359, requiring mining locations to be marked upon the ground, being to give notice to prospectors, and being liberally construed in favor of locators, one who for years was familiar with the boundaries of a claim and knew that it had been worked and much money expended in annual assessments, cannot locate the same as "vacant and unoccupied" and assert insufficiency of the prior location notice.

SAME—LOCATIONS—FORFEITED GROUND—REQUISITES. One locating mining ground as "vacant and unoccupied," knowing that it was not so, is not entitled to claim as a locator of forfeited ground, without compliance with Rem. Code, § 7365, requiring relocation notices on claims to abandoned property; hence he is not entitled to show that the last annual assessment of the prior locator was not paid, which fact is immaterial.

SAME—LOCATIONS—MARKING. As against subsequent locators, a mining location is sufficient when distinctly marked upon the ground so that its boundaries can be readily traced.

Appeal from a judgment of the superior court for Okanogan county, Pendergast, J., entered July 29, 1915, upon findings in favor of the defendants, in an action to recover the possession of mining claims, tried to the court. Reversed.

*J. Grattan O'Bryan* (*J. A. Rokes*, of counsel), for appellant.

*C. W. Strother*, for respondent.

[1]Reported in 162 Pac. 996.

MORRIS, J.—This action involves the right of possession of certain antimony mining claims in Okanogan county. The claims were first located in 1906, 1907 and 1908 by appellant's grantor, and passed into possession of appellant in 1908. Since acquiring it, appellant has expended approximately $25,000 in developing the property, installing mining equipment, digging water ditches, constructing roads, tunnels, crosscuts and other workings, and doing the annual assessment work each year until 1914. In April, 1915, respondent Perry went upon the property and located the greater part of it as vacant and unoccupied government land. Perry's location boundaries took in nearly all the workings and improvements upon the original locations, including the tunnels constructed by the appellant, from which Perry began removing ore until restrained by the lower court upon the commencement of this action in July, 1915. Upon the final hearing in the lower court, findings in favor of Perry were entered, and this appeal followed.

The decisive question is, Was the property vacant and unoccupied government land in April, 1915? Perry was a miner, and had lived in the vicinity of these claims since 1897. He was familiar with the ground, knew it was included within appellant's location, and had assisted in doing the assessment work in the fall of 1913. So far as Perry's knowledge is concerned, there is no doubt but that he was well acquainted with the claims and knew the ground which he attempted to locate in April, 1915, as vacant and unoccupied was included within the original locations claimed by appellant.

The purpose of the requirement of U. S. Rev. Stats., § 2324, requiring locations to be distinctly marked upon the ground, with the name of the locators, the date of location, and such reference to natural objects or permanent monuments as will identify the claims, with the additional requirements of Rem. Code, § 7359, is to give notice to prospectors who are looking for mineral locations of what has already been appropriated, in order that they might govern them-

selves accordingly. Another purpose served is to prevent fraud by swinging or floating. In accomplishing this purpose, courts are inclined to be liberal with those making mining locations, and are not inclined to defeat the claim of him who has in good faith attempted to comply with the requirements of the law by technical criticism of the acts relied upon to constitute a valid location. *Book v. Justice Min. Co.*, 58 Fed. 106; *Walton v. Wild Goose Min. & Trading Co.*, 123 Fed. 209.

Since one of the main purposes of these location statutes is the giving of notice that the ground is no longer vacant and unoccupied, it would seem that one in the position of respondent, who has been acquainted with the ground for years and familiar with its workings, who has assisted in doing the assessment work approximately a year and a half prior, must, indeed, make out a strong case of failure of compliance with necessary requirements before he can be heard to say the ground was vacant and unoccupied, and subject to location by him. The reasoning of this court in cases of like issue (*Davis v. Dennis*, 43 Wash. 54, 85 Pac. 1079; *National Milling & Mining Co. v. Piccolo*, 54 Wash. 617, 104 Pac. 128) is so pertinent as to leave but little more to be said. In the first of these cases, which was an action to recover possession of coal lands from those who had entered upon and taken possession under a claim that the land was vacant and subject to entry, we said, referring to the defendants:

"They are seeking to take advantage of the respondents' labor and expenditures, and are beyond the pale of consideration in so far as there is any equity or justice in their claims. Their right must rest on the naked fact that the property was unoccupied when they entered upon it, and inasmuch as they failed to show this fact, the judgment of ouster against them was rightfully entered."

In the second case, an action to recover possession of mining claims which defendant attempted to locate upon as

vacant and unoccupied, the defendant there, as here, raised the issue of insufficiency of the original location notice. We disposed of this claim by saying:

"Moreover, it is manifest that the appellant was not deceived or misled by any false or deficient description. It plainly appears that he knew the boundaries of the claims and entered within them for the purpose of acquiring for himself the benefit of the respondent's labor and expenditures, believing that the respondent had forfeited its rights, not in ignorance of such rights, nor for want of a sufficient description of the property in the location notices. The purpose of description is to give notice, and since the appellant had notice, it would seem that he was not in a position to complain of technical defects which in no way affected his rights."

This case was reversed upon rehearing, *National Milling & Mining Co. v. Piccolo,* 57 Wash. 572, 107 Pac. 353, upon a question of statutory construction, not affecting its authority as here cited. The courts have ever given effect to like considerations in cases of this character. *Bismark Mountain Gold M. Co. v. North Sunbeam Gold Co.,* 14 Idaho 516, 95 Pac. 14; *Eaton v. Norris,* 131 Cal. 561, 63 Pac. 856.

The lower court seems to have been influenced by the fact that appellant had not done its assessment work for 1914, and the ground was, for this reason, subject to relocation. This fact is referred to in the oral decision of the court, and recited as a premise in the judgment. So far as the issues now involved are concerned, this is immaterial. Respondent is claiming, not as a relocator of forfeited ground, but as a locator upon vacant and unoccupied ground. It may be that, when respondent went upon the ground in April, 1915, knowing the assessment work for the previous year had not been done, his intention was to relocate upon forfeited ground, but, if so, his intention avails him naught, because of his failure to comply with Rem. Code, § 7365, requiring relocation notices to state if the whole or any part of the new

location is located as abandoned property. We have upheld this as an indispensable requirement in *National Milling & Mining Co. v. Piccolo, supra,* and *Florence-Rae Copper Co. v. Kimbel,* 85 Wash. 162, 147 Pac. 881.

We shall not cite the record as to the character or extent of the original locations. To do so would compel a recital of too much of the evidence. We are satisfied it was sufficient to comply with all necessary requirements in so far as the attack now made is concerned, which is all that need be said. As against subsequent locators, it is a sufficient compliance with the law when the location is distinctly marked on the ground so that its boundaries can be readily traced. *Book v. Justice Min. Co., supra; Haws v. Victoria Copper Mining Co.,* 160 U. S. 303. The record is sufficient to show that this was done.

The judgment is reversed, and the cause remanded with instructions to enter judgment for appellant as prayed for.

ELLIS, C. J., MAIN, CHADWICK, and WEBSTER, JJ., concur.