MEYERS v. PRATT et al.

(Circuit Court of Appeals, Ninth Circuit. February 3, 1919.)

No. 3160.

MINES AND MINERALS ☞9—CONFLICTING CLAIMS—MINERAL AND AGRICULTURAL ENTRIES.

Discovery of a few colors of gold in a stream on public land occupied by an entryman, and which is more valuable for agriculture than for mineral, will not sustain a mining location, as against the prior agricultural entry.

Appeal from the District Court of the United States for the First Division of the District of Alaska; Robert W. Jennings, Judge.

Suit in equity by Grace Meyers against Merritt Pratt and the Juneau Dairy, a copartnership composed of L. H. Smith and William Aultmiller. Decree for defendants, and complainant appeals. Affirmed.

John H. Cobb, of Juneau, Alaska, for appellant.

J. A. Hellenthal and Simon Hellenthal, both of Juneau, Alaska, for appellees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. The appellant, as plaintiff in the court below, brought this suit, alleging her possession and ownership of three certain placer mining claims about eight miles northwest of the town of Juneau, Alaska, called Jim D., Jim M., and Jim O'D., respectively, containing an area of about 60 acres, and alleging that the defendants to the suit asserted some claim thereto while having no right, title, or interest therein, and asking that they be required to set forth the nature of their claim and that the plaintiff's title to the property be quieted.

The answer of the defendant Pratt put in issue both the alleged ownership and possession of the plaintiff, and alleged his own ownership and possession of all of the land described in the amended complaint, by virtue of an entry made by him under sanction of the government of the United States long prior to the time of the placer locations under which the plaintiff asserts title, and the answer of the other de-

fendants alleged the ownership and possession by the defendant L. H. Smith of a specifically described portion of the premises claimed by the plaintiff. The suit, therefore, was one simply to quiet the plaintiff's alleged title, and was not brought in aid of any proceeding in the United States Land Office.

The act of Congress, entitled "An act to provide for the entry of agricultural lands within forest reserves," of June 11, 1906 (34 Stat. 233, c. 3074), authorized the Secretary of Agriculture, in his discretion, to examine and ascertain as to the location and extent of lands within permanent or temporary forest reserves (with certain exceptions not here pertinent) which are chiefly valuable for agriculture, and which in his opinion might be occupied for agricultural purposes without injury to the forest reserves, and which are not needed for public purposes, and to list and describe the same by metes and bounds, or otherwise, and file the lists and descriptions with the Secretary of the Interior, with the request that the said lands be opened to entry in accordance with the provisions of the homestead laws and of that act.

The act further provided that upon the filing of any such list or description the Secretary of the Interior should declare the said lands open to homestead settlement and entry in tracts not exceeding 160 acres in area and not exceeding one mile in length, at the expiration of 60 days from the filing of the list in the land office of the district within which the lands are located, during which period the said list or description should be prominently posted in the land office and advertised for a period of not less than 4 weeks in one newspaper of general circulation published in the county in which the lands are situated:

"Provided, that any settler actually occupying and in good faith claiming such lands for agricultural purposes prior to January first, nineteen hundred and six, and who shall not have abandoned the same, and the person, if qualified to make a homestead entry, upon whose application the land proposed to be entered was examined and listed, shall, each in the order named, have a preference right of settlement and entry," etc.

The court below found as facts that the property described in the complaint is, and ever since February 16, 1909, has been situated within the boundaries of the Tongass National Forest as the same was created and established by executive proclamation of that date issued under authority of the act of Congress approved March 3, 1891; that on the 29th day of June, 1915, and the 5th day of August, 1915, defendants Lee H. Smith and Merritt S. Pratt, respectively, made application to the Secretary of Agriculture, as provided by the act above mentioned, for the examination and listing with the Department of the Interior of the lands in question, with the bona fide desire and intent on their part of procuring the same to be restored to the public domain and opened for homestead entry, with the preferential rights in themselves, specified in the statute; that a similar application was subsequently, to wit, on August 10, 1916, made by the plaintiff for the same land described in Pratt's application, and that the plaintiff was informed by the Department of Agriculture that "since two applications for the same area cannot remain of record, the preference must be given to the prior application," and that her application was, accordingly, canceled;

that as soon as practicable after the receipt by the Department of Agriculture of the applications of the defendants, that department caused an examination of the status and character of the lands so applied for to be duly made, as to whether or not the said lands should be restored to the public domain and made subject to homestead entry; that pending the determination of that question "special use" permits were issued by the Department of Agriculture to the defendants, authorizing them to enter upon, use, and occupy the tracts of land so respectively applied for, for purposes of agriculture, grazing, and residence; that under the permits and preferential rights they entered upon the tracts so respectively applied for, improved the same by the building thereon of valuable houses, and have continuously used the same for grazing, dairying, and residential purposes, paying to the government rent therefor in the amounts required by law and the regulations of the Department; that on September 22, 1916, the said lands so applied for by the defendants were, as the result of such examination, duly and regularly listed with the Secretary of the Interior as being subject to homestead entry, and that the defendants possess and claim, and at all of the times mentioned have possessed and claimed, the same as agricultural lands; that after the plaintiff had made her aforesaid application of August 10, 1916, she discovered in the beds of the water courses flowing from the mountains back of the said property a few colors of gold, whereupon she made the mining locations that form the basis of her suit.

The court further found as facts, in effect, that the land in controversy is not mineral, but agricultural, land, and accordingly entered judgment dismissing the complaint, with costs in favor of the defendants.

To the contention, on the part of the appellant, that the findings of fact are not supported by the evidence, we have given careful consideration, and find in the record abundant evidence to sustain them. Referring to the case of Steele v. Tanana Mines, 148 Fed. 678, 78 C. C. A. 412, we think nothing more need be said to show that the judgment must be affirmed.

It is so ordered.