[No. 15571. Department One. March 3, 1920.]

NEWPORT MINING COMPANY, *Respondent,* v. BEAD LAKE GOLD-COPPER MINING COMPANY, *Appellant.*[1]

MINES AND MINERALS (9) — RELOCATION — NOTICE — REQUISITES — ABANDONED PROPERTY. A relocation notice of an abandoned mining claim is insufficient if it fails to recite that the property is located .as abandoned property, as required by Rem. Code, § 7365.

SAME (13-15) — TITLE—ADVERSE POSSESSION. A right equivalent to a valid location is acquired by continuous and notorious adverse possession of a mining claim, together with the performance each year of all assessment work and labor required by law.

APPEAL (413) — REVIEW—FINDINGS—WEIGHT OF EVIDENCE. Weight should be given to findings upon conflicting testimony where there were frequent references to stakes, points, lines and descriptions which might not be as clear on appeal as in the court below.

Appeal from a judgment of the superior court for Pend Oreille county, Sessions, J., entered December 7, 1918, upon findings in favor of the plaintiff, in an

[1]Reported in 188 Pac. 27.

action to try title to overlapping mining claims, tried to the court. Affirmed.

*Joseph Rosslow,* for appellant.
*Peacock & Ludden,* for respondent.

MAIN, J.—Parties to this action are rival claimants to a certain tract of mining ground located in the Newport mining district, in Pend Oreille county. The cause was tried to the court without a jury, and resulted in findings of fact, conclusions of law, and a judgment sustaining the plaintiff's right to the disputed territory. From this judgment, the defendant appeals.

The assignments of error practically all relate to the findings of fact and conclusions of law entered by the trial court, and its refusal to make the findings of fact and conclusions of law presented by the appellant. The respondent is a corporation organized under the laws of this state, and claims the possessory right to what is called the Snowbird Mining Claim. The appellant is a corporation organized under the laws of this state, and claims the possessory right to a mining claim called the Comstock Fraction Lode Mining Claim. These respective claims overlap to the extent of approximately three acres. The respondent claims the right to the disputed territory under a relocation notice dating from April 25, 1907, and by reason of the fact, that it had held adverse possession and had done the annual assessment work for a period of more than eleven years. The appellant claimed under a location notice of prior date than that of the respondent and under an amended and relocation notice under date of October 24, 1914.

Only a small portion of the ground in dispute was covered by the location notice under which the appel-

lant first claims. Neither the respondent's relocation notice nor the appellant's amended and relocation notice recite that any part of the "new location is located as abandoned property." The ground in dispute, with the exception of less than a third thereof, had previously been located as a claim known as the Fourth of July. Remington's Code, § 7365, requires that, when quartz or lode mining claims are located as forfeited or abandoned property, the "location certificate shall state if the whole or any part of the new location is located as abandoned property." A location notice which fails to recite that the property is located as abandoned property does not comply with the statute, and is therefore invalid and insufficient. *National Milling & Mining Co. v. Piccolo,* 54 Wash. 617, 104 Pac. 128; *Florence-Rae Copper Co. v. Kimbel,* 85 Wash. 162, 147 Pac. 881; *Gold Creek Antimony Mines & Smelter Co. v. Perry,* 94 Wash. 624, 162 Pac. 996. Under the rule of those cases, the respondent's relocation notice would be invalid, and the appellant's amended relocation notice would be invalid, as to all of the ground included therein which was previously included in the Fourth of July.

The respondent's relocation notice being invalid, it can only prevail by reason of the fact that it has held adverse possession of the property in dispute for more than the statutory period of limitations and has performed the required annual labor. The rule supported by the authorities is that, where a person has held and worked a mining claim for a period equal to the time prescribed by the statute of limitations for mining claims of the state where the same is situated, he has a right equivalent to that of a valid location. Lindley, Mines (3d ed.), § 688; *Altoona Quicksilver Min. Co. v. Integral Quicksilver Min. Co.,* 114 Cal. 100, 45 Pac. 1047; *Lavagnino v. Uhlig,* 26 Utah 1, 71 Pac.

1046, 99 Am. St. 808.   The question then arises whether the facts bring the respondent within this rule.   The trial court found that each year since the location under which the respondent claims the laws of the United States and the state of Washington have been complied with by "performing all the assessment work and labor on said mining claims required by said laws."   It is further found, "that the plaintiff and its grantors have had continuous, uninterrupted, and notorious adverse possession of and to all the ground embraced in the Snowbird Lode Mineral Claim for eleven years last past and are now in possession of said lands and are entitled to the possession thereof."

If the facts are as found by the trial court, under the rule above stated, the judgment should be affirmed. This is peculiarly a case where weight should be given to the findings made by the trial court.   In the testimony there is frequent references to stakes, points, lines, descriptions, etc.   This testimony was doubtless clear enough to the trial court, but it is not always easy to follow in reading the record.   After giving careful consideration to the evidence, we are of the opinion that the findings of the trial court should be sustained.   Whether the seven-years statute of limitations, Remington's Code, § 786, or the ten-years statute of limitations, Remington's Code, § 156, should apply to a case of this kind, it is not necessary here to determine, because, under the facts found by the trial court, the case is brought within either statute.

The judgment will be affirmed.

HOLCOMB, C. J., MACKINTOSH, PARKER, and MITCHELL, JJ., concur.