[No. 16875. Department Two. May 11, 1922.]

FRANCIS H. FISHER, *Respondent*, v. CHARLES JACKSON, *Appellant.*[1]

PUBLIC LANDS (61)—QUIETING TITLE (A-1)—PROPERTY SUBJECT OF ACTION. In an action to adjudicate conflicting claims to the possession of government land, the question of ownership cannot be adjudged or title quieted until after title has passed from the United States.

JUDGMENT (84)—MODIFICATION—POWER OF COURT. Where a decree exceeded the jurisdiction of the court, the court has inherent power, on denying a motion for a new trial and before the judgment became final, to modify the judgment to conform to the issues involved.

APPEAL AND ERROR (123)—PRESERVATION OF GROUNDS—OBJECTIONS TO EVIDENCE. Error cannot be predicated upon the admission of evidence where no objection thereto was made below.

MINES AND MINERALS (9) — RELOCATION — NOTICE — ABANDONED PROPERTY. A mining location upon abandoned ground is invalid where the notice fails to state such fact as required by Rem. Comp. Stat., § 8629.

Appeal from a judgment of the superior court for Okanogan county, Neal, J., entered August 6, 1918, in favor of the plaintiff, in an action to quiet title, tried to the court. Affirmed.

*Lloyd E. Gandy, W. C. Gresham,* and *H. S. Stoolfire,* for appellant.

*P. D. Smith,* for respondent.

HOLCOMB, J. — From a final decree adjudging respondent to be entitled to the exclusive possession of the east half of the west half, and the west half of the east half, of lot 3, section 6, township 34 north, range 25 E. W. M., in Okanogan county, Washington, this appeal is taken.

[1]Reported in 206 Pac. 929.

The court first entered a decree on August 6, 1918, adjudging the respondent to be the *owner* of the land involved and entitled to the possession thereof, quieting title in him, and enjoining the appellant from claiming any title in and to the land, and from entering or in any manner trespassing thereupon.

A motion for a new trial was duly made and argued, and the court took the same under advisement. On August 26, 1918, the court denied the motion for a new trial, and entered a new decree modifying the previous one, so that in lieu of the statement in the former decree that the plaintiff is "the owner," made the decree to read that, "the plaintiff is entitled to the exclusive possession of the land."

It is urged as error that the court entered the decree of August 26th, modifying the decree previously entered on August 6, 1918.

There is no doubt that the court had this inherent power. The action was one to adjudicate conflicting claims to the right of possession, and to enjoin appellant from asserting the right to possession thereof. The evidence showed that respondent claimed the right of possession under a permit from the Forestry Department of the United States, authorizing him to enter the land described for agricultural purposes. Under the Federal laws an applicant for agricultural lands within a national forest reserve is not permitted to occupy the same except by a special use permit, until after the Secretary of the Interior has published notice as required by law, and the applicant is permitted to file on the land entered. This land was within the Okanogan National Forest, and could be entered for agricultural purposes only under and pursuant to the act of Congress of June 11, 1906. 9 Fed. Stat. Ann. 591.

Appellant claimed the right to possession of the land under a mining location. This action was brought

under § 785, Remington's Compiled Statutes, relating to actions for the possession and quieting of title to real property.

We held in *Stofferan v. Okanogan County,* 76 Wash. 265, 136 Pac. 484, that, under that statute, a right of possession only was requisite to sustain an action, and that it was not incumbent to prove complete title. The question of ownership can only be determined and the title quieted after it has passed from the United States to an individual. The court therefore had no jurisdiction to adjudicate that the respondent was the owner of the land, but only that he was entitled to possession, and that appellant was not entitled to possession as against respondent.

To correct this judgment, before it became final, to conform to the issues involved, was one of the inherent powers of the court, either of its own motion or upon the motion for a new trial.

Claims are made that the court erred in admitting certain exhibits and in permitting witnesses Jay, McLean, and McDaniel to testify over the objections of appellant. These claims may not be considered for the reason that the statement of facts shows no objection on the part of appellant to the introduction of any of these documents or the testimony.

A reading of the evidence convinces us of two things: first that appellant had no valid mining claim prior to respondent's permitted entry; and second, that his mining claim was not made in good faith.

The evidence shows that the attempted location of the mining claim by appellant was in part upon an abandoned mining claim previously located and owned by P. H. Pinkston and Fred Pfunder, twenty-eight years before. It had been abandoned. The alleged point of discovery by appellant is in an old tunnel which the former locators dug. Moreover, the lines of

appellant's attempted location run cross-wise of the ledge instead of parallel with it. It is shown that the ledge runs northeast and southwest, while the side lines located by appellant run across the ledge. It is in evidence, also, that appellant had first attempted to secure the same right from the Forestry Department and the Land Department that was granted to respondent, and when he did not succeed in securing that right, he then located his pretended mining claim so as to comprise almost the identical land. Section 8629, Rem. Compiled Statutes, provides that when a mining location is made in whole or in part upon abandoned ground, the notice "shall state if the whole or any part of the new location is located as abandoned property." The certificate of location in this case does not comply with that requirement. It is therefore invalid. *National Milling & Mining Co. v. Piccolo,* 54 Wash. 617, 104 Pac. 128; *Florence-Rae Copper Co. v. Kimbel,* 85 Wash. 162, 147 Pac. 881; *Gold Creek Antimony Mines & Smelter Co. v. Perry,* 94 Wash. 624, 162 Pac. 996; *Newport Mining Co. v. Bead Lake Gold-Copper Mining Co.,* 110 Wash. 120, 188 Pac. 27.

A similar case involving conflicting claims of one pretending to have a mineral location, and one holding under a "special use permit" such as respondent here has, was decided in favor of the permittee by the circuit court of appeals in *Meyers v. Pratt,* 255 Fed. 765, 167 C. C. A. 109.

The decree is right and is affirmed.

PARKER, C. J., MAIN, MACKINTOSH, and HOVEY, JJ., concur.