## GIBBONS et al. v. FRAZIER et al.

No. 4378.  Decided June 4, 1926.  Rehearing Denied Sept. 22, 1926.
(249 P. 472.)

*George Y. Wallace, R. A. McBroom,* and *B. L. Liberman,* all of Salt Lake City, for appellants.

*Dickson, Ellis, Parsons & Adamson,* of Salt Lake City, for respondents.

CHERRY, J.

This is an action in ejectment to recover possession of a tract of land in Salt Lake County, described as lot 10 in block 4, plat A, Wilkes official survey of Bingham townsite. Trial was had before the court without a jury, and judgment was rendered for defendants, from which plaintiffs have appealed to this court.

The issue involves the paramount title to the premises in question. The plaintiffs claim title under a mineral patent for a placer mining claim issued by the United States to plaintiff's grantors on July 20, 1881. The defendants rely upon a nonmineral patent issued to their predecessors by the United States on February 9, 1876. Title by adverse possession and by estoppel is also asserted by defendants.

The lands purported to be conveyed by the respective patents conflict, and a certain area, of which the lot in question is a part, is embraced within and described by both patents.

The trial court made general findings of fact in favor of the defendants upon all three sources of their title, and against the plaintiffs, and entered a judgment dismissing the action.

There are numerous assignments of error, and the argument has taken a wide range, but we find it necessary to consider but one main question, and that is the priority of the patents.

It is conceded that, if the nonmineral patent is paramount and superior to the mineral patent, the case was correctly decided, and that the judgment should be affirmed.

As before seen, the nonmineral patent was issued more than four years before the mineral patent. To avoid the apparent priority of the former, the plaintiffs rely upon the doctrine of relation, and assert that the title derived through their mineral patent relates back to the time of the discovery and location of the mining claim for which the patent was later issued. It was shown that the notice of location of the mining claim in question was dated August 26, 1875, and recorded on the same day in the records of the proper mining district.

We assume as settled principles of law that the locator of a mining claim acquires a vested right therein by virtue of his location; and, when a valid location of a mining claim has been made, which, by subsequent proceedings, is conveyed to the locator by patent from the United States, the title of the patentee, by the doctrine of relation, relates back to the time of location. The major premise for these rules, however, is the existence of a valid location.

"Location is the act or series of acts by which the right of exclusive possession of mineral veins and the surface of mineral lands is vested in the locator." *Creede & C. C. M. & M. Co. v. Uinta T. M. & T. Co.*, 196 U. S. 337, 25 S. Ct. 266, 49 L. Ed. 501.

As applied to the location in question, there were at least two essential facts required by Rev. St. U. S. §§ 2320, 2324 (U. S. Comp. St. §§ 4615, 4620), viz: (1) The discovery of

mineral within the claim; and, (2) the marking of the location on the ground so that its boundaries may be readily traced. Lindley on Mines, § 328. Until the requirements of law are complied with, a location is not perfected. The decisive question in this case is whether the record establishes the fact of a valid location of the plaintiffs' mining claim, and, if so, as to what time.

The plaintiffs contend that their patent is conclusive proof of the previous location of the claim at the date of the notice of location. It is true that a patent is conclusive evidence, as against collateral attack, that there has been a valid location prior to the issuance of the patent, but not for any particular time prior thereto. As against any claim to the patented premises arising after the issuance of the patent, the patent is conclusive proof of a previous valid location, but, as against a conflicting claim of title arising before the application for patent, the patent is not evidence of a valid location earlier than the conflicting claim. In such case the question of when the location was made is one of fact depending on the proof. *Uinta T. M. & T. Co. v. Creede & C. C. M. & M. Co.*, 119 F. 164, 57 C. C. A. 200 affirmed 196 U. S. 337, 25 S. Ct. 266, 49 L. Ed. 501.

In *Hickey v. Anaconda C. M. Co.*, 33 Mont. 46, 81 P. 806, the court said:

"In our judgment, when a patentee seeks to show that his title is older than the evidence of his title indicates, when he seeks to show that, notwithstanding the date of his patent or receiver's final receipt, his title in fact relates back to the date of his location, he must show affirmatively a location valid under the laws of the state where the claim is situated."

To defeat the priority of the nonmineral patent, which, upon its face, was over four years prior in time to the plaintiffs' title, it was incumbent upon plaintiffs to show affirmatively that there was in fact a valid location of their mining claim at some time previous to the date of the defendants' patent. No evidence whatever was offered to show that the mining claim in question had been

marked on the ground so that its boundaries could be readily traced. An effort was made to prove by one witness that there had been a mineral discovery, but, in our opinion, the proof was wholly insufficient to establish the fact. The witness, who was not one of the locators, merely stated that before the claim in question was located he saw others pan gold in the vicinity of the claim in question, and, upon being asked "whether at the time the McGuire placer (the claim in question) was located the gravels on the McGuire had been panned or sluiced and gold values recovered," he answered, "Well, it was panned down on the rimrock as far as they could go down." He was then asked, "On the McGuire?" and he answered, "Yes; I would say the McGuire now." There was nothing in this evidence to show what values, if any, in gold were recovered, or by whom any discovery was made; and it is fairly inferable from the testimony that the gravels had been "panned down on the rimrock as far as they could go" before the location of the claim in question. The testimony was insufficient to establish a valid discovery. *Chrisman v. Miller,* 197 U. S. 313, 25 S. Ct. 468, 49 L. Ed. 770; *Steele v. Tanana M. R. Co.,* 148 F. 678, 78 C. C. A. 412.

We conclude that the plaintiffs wholly failed to sustain the burden resting upon them of showing affirmatively that a valid location of their mining claim had been made before the issuance of the nonmineral patent to the predecessor of defendants. In such case the priority of the earlier patent could not be defeated.

It follows that the trial court correctly adjudged the title to the premises to be in the defendants.

This question being decisive of the controversy, it is unnecessary to consider the questions of title by adverse possession and estoppel.

The judgment is affirmed.

GIDEON, C. J., and THURMAN, FRICK, and STRAUP, JJ., concur.